Elizabeth Simpson died in 1804, having made and published her last will and testament, which was duly admitted to probate and recorded, and James Easton and Joseph Brickell were appointed executors and were duly qualified, and among other bequests was the following:
"It is my will and desire that the other half of my estate (the same being a residue) as aforesaid, consisting of notes, bonds, negroes, horses, cattle, sheep, hogs, and one-half of any residue of my estate, and I give the same unto Joseph Brickell and Sarah Brickell, his wife, for and during their joint lives, and to the survivor for life, and upon the death of the said Joseph and Sarah Brickell I will the aforesaid one-half of *Page 111 
notes, bonds, negroes, horses, cattle, sheep, hogs, household and kitchen furniture, and one-half of any residue of my estate unto the children of the said Joseph and Sarah Brickell, to be equally divided between them or the survivor of them, their heirs and assigns forever."
Sarah Brickell was the daughter of the testatrix, and at her death the children of Joseph and Sarah were Sarah S., Joseph, John and Martha Ann, and no other children were born to them afterwards. Joseph Brickell and his wife Sarah took possession of and held the property bequeathed until his death in 1813, and then his widow, the said Sarah, continued to hold the same till her death, which occurred in 1852.
Sarah S., one of the children of the tenants for life above mentioned, was married in 1819 to one John Norcott, and died in 1820, leaving a son, Joseph John, who died in 1848. (161)
Joseph John Brickell, another of the children of the tenants for life, died intestate and without issue about the year 1849, and the remaining child, Martha Ann, yet survives, having married the defendant, Gould Hoyt, in the year 1825.
The plaintiffs contend that on the death of the testatrix, Mrs. Simpson, the remainder, bequeathed as above stated, vested absolutely in the children of Joseph and Elizabeth Brickell, subject to the claim of any other child that might thereafter to be born, and that on the death of Sarah Brickell, the surviving tenant for life, the slaves in question became divisible among the representatives of Sarah S. Norcott and Joseph J. Brickell and the surviving Mrs. Hoyt.
Benjamin F. Biddle, the administrator of Sarah S. Norcott; Samuel S. Biddle, the administrator de bonis non of John Norcott, and William B. Pope, the administrator of the testatrix Elizabeth Simpson, are the plaintiffs. The prayer of the bill is for a division of the slaves, as above insisted, and for general relief.
Gould Hoyt and his wife Martha are made parties defendant. Gould Hoyt, the executor of Sarah Brickell, is made a defendant, and in their answers admit the facts as above stated, but insist that by the proper construction of the will of Mrs. Simpson the whole of the property mentioned in the clause recited above vested in him, in right of his wife, Martha Ann, who was the only surviving child of Sarah, and Joseph J. Brickell at the death of Sarah, the surviving tenant for life.
Joseph J. Dancey, administrator of Joseph J. Brickell, was also made a party defendant, who, in his answer, concurred in the statements and views of the other defendants, and declined contesting the same.
Cause set for hearing on the bill, answers and exhibit, and (162) transmitted to this Court by consent.
Elizabeth Simpson died in 1804, leaving a will in which was contained the following clause: "It is my will and desire that the other half of my estate as aforesaid, to wit: consisting of notes, bonds, negroes, etc., I give the same unto Joseph Brickell and Sarah Brickell, his wife, for and during their joint lives, and to the survivor for life, and upon the death of the said Joseph and Sarah Brickell I will the aforesaid one-half of notes, bonds, negroes, etc., unto the children of the said Joseph and Sarah Brickell, to be equally divided between them, or the survivor of them, their heirs, and assigns, forever." Joseph Brickell and Sarah, his wife, had at the death of the testatrix three children, and never had any others. Sarah Brickell, who was the daughter of the testatrix, survived her husband many years and died in 1852. Of the three children Joseph J. Brickell died without issue in the life time of his mother. Sarah S. married John Norcott and died leaving one child, who died without issue in the lifetime of his grandmother. Martha married Gould Hoyt and is still living. The question presented by the pleadings is whether, upon the death of Elizabeth Simpson, the testatrix, the property bequeathed by the above recited clause of her will became vested in the children of Joseph and Sarah Brickell so that upon the death of two of them, in the lifetime of the mother, their interests devolved upon their respective representatives, or did it remain suspended during the life of Sarah Brickell and upon her death vest in her sole surviving child, Martha, the wife of the defendant Gould Hoyt.
Upon the question to what period words of survivorship (163) contained in wills are referable, many decisions have been made by the Courts, both of England and this country. It would be a needless task to attempt a review of all the cases, and a difficult one to extract from them a principle by which to reconcile them one with another. In looking over the English cases on the subject it will be found that the rule of construction varied at different times, and it was not until 1819 that one was established which was so founded upon reason and convenience as to secure the approbation of the Courts, and to lay down a principle for future guidance. In Cripps v. Wolcott, 4 Madd., 11, which came before Vice-Chancellor Leach, a testatrix devised and bequeathed her real and personal estate in trust for her husband for life, and after his decease directed that her personal estate should be equally divided between her two sons, Arthur and George, and her daughter Ann, and the survivors or survivor of them, share and share alike. Arthur died in the lifetime of the husband and George and his sister, surviving the life tenant, claimed the whole. The Vice-Chancellor said: "It would be difficult to reconcile every case upon this subject. I consider it, *Page 113 
however, to be now settled that if a legacy be given to two or more, equally to be divided between them, or to the survivors or survivor of them, and there be no special intent to be found in the will, that the survivorship is to be referred to the period of division. If there be no previous interest given in the legacy, then the period of division is the death of the testator, and the survivors at his death will take the whole legacy.Stringer v. Phillips, 1 Eq. Cas. Ab., 292. But if a previous life estate be given, then the period of division is the death of the tenant for life, and the survivor at such death will take the whole legacy. This is the principle of the cited cases of Russell v. Long, 4 Ves., 551; Daniel v. Daniel, 6 Ves., 297, and Jenour v. Jenour, 10 Ves., 562. In Bindon v. Lord Suffolk, 1 P. Wms., 971, Brow. Par. Cas., 189, the House of Lords found a special intent in the will, (164) that the period of division should be suspended until the debts were recovered from the Crown, and they referred the survivorship to that period. The two cases, Roebuck v. Dean, 2 Ves., Jr., 265, andPerry v. Woods, 3 Ves., 204, before Lord Rosslyn, do not square with the other authorities. Here, there being no special intent to be found in the will, the terms of survivorship are to be referred to the death of the husband, who took a previous life estate."
The rule of construction thus clearly enunciated is so applicable to the case before us, where the division is directed to be made among the children of Joseph and Sarah Brickell upon their deaths, that we can have no hesitation in deciding in favor of the child who was the survivor at that time, unless we find that the rule has been since overruled. The question, then, is, has it been overruled? So far from it, Mr. Jarman says, it was so reasonable and convenient for general application that subsequent Judges adopted and followed it, instances of which are to be found in Gibbsv. Taft, 8 Simons, 132, and Blewitt v. Stanffers, 9 Law Journ. N. S., ch. 209. Mr. Jarman, after noticing these and other cases upon this branch of the subject of limitations to survivors, concludes thus: "In this state of the recent authorities one scarcely need hesitate to affirm that the rule which reads a gift to survivors simply as applying to objects living at the death of the testator is confined to those cases in which there is no other period to which survivorship can be referred, and that when such gift is precluded by a life or other prior interest, it takes effect in favor of those who survive the period of distribution and those only." 2 Jarman Wills, 651. Such, too, was undoubtedly the conclusion to which this Court came in the recent case of Hilliard v. Kearney,45 N.C. 221. In their decision the Court say (p. 229) that the defendant would be entitled whether "the legacies became absolute at the death of the testator or at the death of the widow or at the death of the first daughter *Page 114 
(165) or, at all events, when all died except two." But in discussing the subject, the Court concludes that: "When the estate is defeasible and no time is fixed on at which it is to become absolute, and the property itself is given and not the mere use of it, if there be anyintermediate period between the death of the testator and the death of the legatee, at which the estate may fairly be considered absolute, that time will be adopted." If there be no intermediate period, and the alternative is either to adopt the time of the testator's death or the death of the legatee generally, at some time or other, whenever it may happen, as the period at which the estate is to become absolute, the former will be adopted unless there be words to forbid it or some consideration to turn the scale in favor of the latter."
The remainder of the discussion is confined mainly to the latter proposition, as will be seen by what is said on page 231: "Putting out of view the policy of the law which favors the absolute enjoyment and right to dispose of property, and admitting, for the sake of argument, that nointermediate period can be adopted so as to avoid an issue between the time of the testator's death and that of the legatees as the period when the legacies are to become absolute, the weight of authority is decidedly in favor of the former." It is manifest that the establishment of the latter proposition does not in the slightest degree affect the former, to wit: That where there is an intermediate period between the death of the testator and the legatee, that period will be adopted as the time when the legacy will be considered absolute. This appears, not only from what had already been stated, but also by what is found on page 232, where the hypothetical case is dropped and the actual case is again considered. "If the testator's death be not adopted as the period for the legacies to become absolute, the rule laid down by Mr. Smith requires the adoption of the earliest period afterwards, which is not forbidden (166) by the words or a necessary implication. This period is presented at the death of the tenant for life or when the daughter died without a child. The words are then satisfied and, so far from there being a necessary implication to forbid it, there is a necessary implication requiring it." In the will now under consideration such an intermediate period is fixed upon and expressed in clear and unequivocal terms. The division of the property is to be made upon the death of Joseph Brickell and his wife; it is to be then made between their children or the survivor of them. It is distinguished from many of the cases cited by the plaintiff's counsel by the total silence of the will as to one of the children dying without an heir or dying without issue. In all material respects it is identical with the case of Cripps v. Wolcott,ubi supra, where it was held that the children who survived the life tenant took the whole. The rule established in that case we approved in *Page 115 Hilliard v. Kearney, 45 N.C. 221, and we feel bound to follow it.
PER CURIAM. Dismissed with costs.
Cited: Vass v. Freeman, 56 N.C. 224; Price v. Johnson, 90 N.C. 596;Buchanan v. Buchanan, 99 N.C. 313; Galloway v. Carter, 100 N.C. 121;Campbell v. Cronly, 150 N.C. 468.
(167)