PeaesoN, J.
 

 It appears by the will that the testator knew that his daughter Louisa was alive, hence the limitation to the heirs of her body must mean her children or descendants, (so as to take in a grand-chilcl, if the parent be dead). This is a familiar rule of construction, as a -consequence of the axiom
 
 nemo est hieres viventis.
 

 We have then, a limitation of slaves to Billy B. Barlow for life, remainder to the children of Louisa Knight. Barlow is dead. The defendants are children of Mrs. Knight, who were born at the time of his death; the plaintiffs are children born since his death. The question is, do all the children take, or only those who were
 
 in esse
 
 at the time the particular estate terminated .? Where a legacy is given to a class, e. g. to the children of A, and no particular estate is interposed, so that the question of ownership must be determined at the death of the testator, only such children of A who are
 
 in esse
 
 at the time and can answer to the call for an owner, are entitled to the property. This results from the fact that property, at all -time, must have an owner, so as to belong to some one. After personal property .once vests in possession, the ownership is fixed and cannot be divested without the act of the •owner. A different rule has been applied to land, which is allowed, in the case-of-a descent-castupona presumptive heir,
 
 *170
 
 to pass from bis possession if a nearer lieir be born, or to open and take in an beir of equal degree as a co-parcener. But tbis rule bas no application to personal property.
 

 "Where, however, a particular estate is interposed, as in our case, the taker of the first estate answers the purpose of filling the ownership, and bolding the possession ; so, although the limitation over is vested, there is no absolute necessity of fixing the ownership in regard to it. With a view of taking in as many of the class as possible, so as to carry into effect the intention, as far as the rules of law will allow, the call for the owners of the ultimate estate is not made until the first estate falls in, and all who answer the description at that time, are entitled. This doctrine is stated in all of the text writers. By it the children of Mrs. Knight born after the death of Billy B. Barlow are excluded.
 

 It is set out in the bill that Peter E. Knight, who is dead, and of whom Joseph Knight is the administrator, was a child of Mrs. Knight, and was living at the death of Barlow. It does not appear at what time this child died. Of course any of the children of Mrs. Knight, who were living at the death of Peter E. Knight, although born after the death of Barlow, are entitled to a share of his share as his next of kin, if he left no children. As to this there may be a reference to ascertain the facts, so as to supply the omission in the pleadings.
 

 Pee Cueiami, Decree accordingly.