Pba'esoN, C. J.
 

 The question presented by the pleadings is: Does the entire fund belong to the plaintiff, Ada, or is she entitled only to one fifth part, leaving the residue for the other four children of Leah Melton.
 

 The words, “lawful heirs” in the first part of the clause, under consideration, are explained by the words, “ the rest of' the lawful heirs of her body.” So, the clause should read thus, “I give five hundred dollars to the lawful heirs of the* body of Leah Melton, except her son James, to be put on interest until they become twenty-one years of age* and then
 
 *44
 
 tile principal and interest to be paid over to them by my executors.” “Heirs of the body,” has a more extended meaning than “children.” It is synonymous with “issue,” and includes “children” and the descendants of any child that may be dead. That point, however, does not arise, for all of the children of Leah Melton are alive, and the question is: Does Ada, who was the only child, born at the death of the testator, take the whole, or do the four children, born .afterwards, and before Ada arrived at age, share with her.
 

 It is a well settled rule of this Court, that when a fund is given to a class, all who answer the description at the time, when it is to be paid, are entitled to participate in the bounty. This rule is based on the principle, that as many objects of the testator’s bounty, as possible, ought to be included, and there is no necessity for ascertaining the owners of the fund, until it is to be distributed.
 

 There is no special circumstance to take this case nut of the operation of the rule, and as all of the children were born before Ada arrived at age, it is immaterial, for the purpose of this bill, whether that was the time for the distribution of the fund, or whether it is to be postponed until the youngest child arrives at age; for in either view, the demurrer must be sustained on the ground that the claim to the whole, which the plaintiffs set up in the bill, is unfounded, and the other children are necessary parties.
 

 As the parties desire a definitive construction of the will, and a declaration of their rights, so that the executor may administer the fund without further litigation, and we have had occasion to form an opinion after a full argument, we feel at liberty to say that the plaintiffs were entitled to the share of Ada, when she arrived at. age, and that the entire fund is not to be held up until the youngest child comes of age. The clause should read, “ to be put on interest until they
 
 respectively
 
 become twenty-one years of age, and the share of each child, principal and interest, to be paid over as they respectively arrive at that age.” The words used in the will are inaccurate, and, in fact, do not make sense; for there can be no
 
 *45
 

 one time
 
 when several children become twenty-one years of age. When the oldest arrives at that age, the others will he behind, and when the youngest, the others will have passed it. So, the sense requires that
 
 respeetiml/y
 
 should be understood; and this will make the provision in accordance with what is usual and natural, in respect to such bounties. As each child respectively arrives at full age, he will stand in need of assistance to make a start in the world, and we must suppose that it was the intention of the testator to render it to them at that time, in the absence of any clearly expressed purpose to postpone it in regard to all the objects of his bounty, except the youngest child. In other words, there is a presumption that he intended to put them all on an equality, and to give them a like benefit, nothing appearing to the contrary.
 

 The plaintiffs have leave to amend by making the other children parties plaintiff, and making the allegations of the-will conform thereto, and there'may be a decree declaring the-rights of the parties according to this opinion. The plaintiffs will pay costs as in case the bill was dismissed. See
 
 Webber
 
 v. Taylor, ante 36.
 

 PeR Oueiam, Decree accordingly.