Battle, J.
 

 Had the testator’s daughter, Mrs. Payne, pass
 
 *278
 
 ed through life without having had a child, we should not have hesitated to hold that the claim of the other children of the testator, and their representative's under the ulterior limitation to them, would not have been prevented by the operation of the rule in Shelly’s case, inherfavor. That rule would have been excluded, either upon the principle adopted by the Court in the case of
 
 Payne
 
 v. Sale, 2 Dev. and Bat. Eq. 455, on the construction of the same .will, which we have now before us, or upon that of
 
 Swain
 
 v. Roscoe, 3 Ire. 200. The counsel, for the defendant, has ventured to call in question the propriety of the decisions in both these cases, and has suggested reasons and produced authorities to show that they would have been ruled otherwise by the English courts, but we do not feel at liberty to impeach them. Indeed, the principle of the latter case has been since confirmed, and must be considered now as a settled rule of construction in this State. Under that principle, we hold .that Mrs. Payne took a life-estate only in the property bequeathed to her.
 

 We come now to consider the case in the event which happened: that she bore a living child, which, however, died in her life-time. Did that child take any interest in the property, under the limitation, after her life-estate, “ to be equally divided among the heirs of her body forever.” The answer to this question is to be found in the rulings of the Court in
 
 Swain v. Rascoe, ubi supra ; Evans
 
 v.
 
 Lea,
 
 5 Ire. Eq. 169;
 
 Knight
 
 v.
 
 Wall,
 
 2 Dev. and Bat. Rep. 125;
 
 Sanderlin
 
 v.
 
 Peford,
 
 2 Jones’ Rep. 74, and several other cases, including
 
 Mason
 
 v.
 
 White,
 
 decided at the present term. (See 8 Jones’ Report 421).
 

 Erom these cases, it will clearly appear that in bequests of personal property, like the present, heirs of the body, mean children; that when children take, as a class, at the expiration of a life-estate, each child takes a vested interest at its birth, subject to be partially devested in favor of the other children as they are born, and that upon the death of one of the children during the existence of the life-estate, his or her interest goes to his or her representative, and does not devolve
 
 *279
 
 upon the other children by virtue of the limitation, unless an intention to that effect is manifested in the will.
 

 Assuming then, as we must, that Mrs. Payne’s child took a vested interest in the property as soon as it was born, the next enquiry is, what was the extent of that interest. It could be none other than the absolute interest which, of course, excluded the ulterior limitation to the testator’s own children. This will appear from many cases in bur own Keports, and particularly from that of
 
 Sanderlin
 
 v. Deford,
 
 ubi supra,
 
 where the subject is more fully discussed than in most of the others. Upon the death, then^ of Mrs. Payne’s child, the vested interest, which it took in the legacy, devolved upon its personal representative, from whom Mrs. Payne, or her husband, took it as her child’s sole next of kin.
 

 The only case to which the counsel, for the plaintiff, in the able argument which he submitted, has referred us, which at all impugns any of the principles we have stated, is that of
 
 Jarvis
 
 v.
 
 Wyatt,
 
 4 Hawks, 227. Of that case, it is only necessary for us to remark, that the point decided may be supported by the peculiar language of the will, or if it cannot be supported on that ground, it must be considered as having been over-ruled by the numerous cases since adjudicated upon that point, to several of which, we have already referred.
 

 Believing that the birth of Mrs. Payne’s child defeated the ulterior limitation under which the plaintiffs claim, it is unnecessary for us to notice particularly the objection that that limitation is too remote, and, therefore, void. The case of
 
 Sanderlin
 
 v. Deford, already referred to, would, if its aid were necessary, be a strong authority in favor of such objection. There, the form of expression in the will, “ for wrant of such heirs,” is almost identical with that in the will now before us, and it was said by the Court, that if the will had been made before act of 1827, (as the present will was,) the limitation would have been too remote. But it is needless to enlarge upon this question as, for the reasons given upon another part of the case, we are of opinion that-the plaintiffs have
 
 *280
 
 no claim to the property in dispute, and their bill must be dismissed with costs.
 

 PeR Curiam, Bill dismissed.