STEPHEN W. BRITTON v WILLIAM R. MILLER and others.

By will made in 1854, A. J. Spivey gave certain real and personal estate to his wife for life, and then to a niece. The niece died in 1864, and Mrs. Spivey in 1867. By will, the niece gave " to the children of my brother Stephen W. Britton and of my sister Mary F. Miller, all of my property of every description, to them and their heirs forever." At the death of the niece, her brother Stephen had one child, which died before Mrs. Spivey. A year or. more after its death, and before the death of Mrs. Spivey, another child was born to Stephen : *Held* that—

1. The children of Stephen and Mary took *per capita.*

2. The estate of the niece in possession, was to be divided amongst such of the children of Stephen and Mary as were in being at her death ; and that her interest in the estate of A. J. Spivey, was to be divided amongst such of those children as were in being at the death of Mrs. Spivey.

3. The interest of the deceased child of Stephen devolved at its death upon · its father, and was not divested out of him by the birth of the second child, more than ten months after such death, (Rev. Code, ch. 38, Rule 7.)

4. The rule that remainders given by will to members of a class, vest only in such as compose the class when the particular estate falls in, applies as well to gifts disposing of remainders previously created, as to gifts which create remainders.

·(*Cheeves* v. *Bell*, 1 Ire. Eq. 234, and *Chambers* v. *Payne*, 6 Ire. Eq. 276, cited and approved.)

BILL, transferred to this Court from Spring Term 1868, of the Court of Equity for BERTIE.

The bill was filed by the plaintiff in his own right, and also as executor of Margaret S. Britton deceased, as administrator of his deceased daughter Rosa Mary, and also as next friend of his infant daughter Margaret; against Margaret, Isabella and

BRITTON *v.* MILLER AND OTHERS.

William Miller; and William R. Miller as administrator of Fanny Miller deceased.

It set forth that one Aaron J. Spivey had died in 1854, leaving a will, by which among other things he devised certain real and personal estate to his wife for life, and then to his sister Margaret S. Britton; that Margaret S. Britton died in 1864 leaving her interest under the above will, and some personal estate in possession; the whole of which she dis-- posed of as follows: "I give and bequeath to the children of my brother Stephen W. Britton, and of my sister Mary F. Miller, all of my property of every description, to them and their heirs forever;" that Mrs. Spivey died in 1867; that at the death of Margaret S. Britton, her brother Stephen had one child, Rosa Mary, who died, an infant, in September 1864, and that in 1866 or 1867, and before the death of Mrs. Spivey, he had another, the complainant Margaret; and that those named as defendants, other than William R. Miller, are the children of Mary F. Miller, Fanny having died before the death of Mrs. Spivey.

The prayer was, for directions to the plaintiff Stephen as executor, for an account, and for general relief.

An answer was put in by William R. Miller, as administrator of Fanny and guardian *ad litem* of the other children of Mary F. Miller deceased.

*Smith*, for the plaintiff, cited and commented upon *Grandy* v. *Sawyer*, Phil. Eq. 8; *Rogers* v. *Brickhouse*, 5 Ire. Eq. 301; *Burgin* v. *Patton*, *Ib.* 425; *Roper* v. *Roper*, *Ib.* 16; *Shinn* v. *Motley*, 3 Ire. Eq. 490; *Gilliam* v. *Underwood*, *Ib.* 100; *Knight* v. *Knight*, *Ib.* 167; *Lockhart* v. *Lockhart*, *Ib.* 205; *Lowe* v. *Carter*, 2 Ire. Eq. 377; *Adams* v. *Adams*, *Ib.* 215; *Lane* v. *Lane*, Winst. Eq. 84; *Ward* v. *Stowe*, 2 Dev. Eq. 509; *Bryant* v. *Scott*, 1 D. & B., Eq. 156; *Spivey* v. *Spivey*, 2 Ire. Eq. 100; *Harris* v. *Philpot*, 5 Ire. Eq. 324.

*Fowle & Badger*, contra, cited *Kirkpatrick* v. *Rogers*, 6 Ire. Eq. 130; *Patterson* v. *McMasters*, 3 Ire. Eq. 208; *Bivens* v.

*Phifer,* 2 Ire. 436; *Cheeves* v. *Bell,* 1 Ire. Eq. 234; *Chambers* v. *Payne,* 6 Ire. Eq. 276, 2 Fearne 91, 92.

READE, J. I. Under the 2nd clause of Margaret S. Britton's will, the children of Stephen W. Britton and Mary F. Miller take *per capita.* The general rule is that in such bequests they take *per capita,* unless there is something in the will to show the contrary. *Cheeves et. al.* v. *Bell et. al.,* 1 Jon. Eq. 234.

II. Is the estate of Margaret S. Britton which she had in possession, and that which she had in remainder, to be divided among the same persons? No! The property in possession is to be divided among those who answered the description at the time of her death; and the property in remainder is to be divided among those who answered the description at the falling in of the life estate, and those who legally represent such as may die during the life of the life tenant. *Chambers* v. *Payne,* 6 Jon. Eq. 276.

III. Does Stephen W. Britton take the share of his deceased child Rosa Mary? Yes! Margaret S. Britton's remainder was vested, and at the time of her death in July 1864, Rosa Mary Britton, daughter of Stephen W. Britton, was in being, and one to whom the remainder is given. It vested in her, and upon her death it vested in her father, S. W. Britton, and the estate is not divested out of the father by the birth of his daughter Margaret more than ten lunar months after the death of Rosa Mary,—Rev. Code, ch. 38, Rule 7. Of course he takes Rosa's share of the property in possession.

IV. Does Margaret, a daughter of Stephen W. Britton by a second marriage, and born after death of testatrix but during the life of life-tenant, take? She does not take any of the property which was in possession of testatrix at her death; but she does take a share of the remainder, which opens so as to let in all who answer the description at the time of the falling in of the particular estate. It was admitted that this would be so if the testatrix had created the remainder herself; but it is insisted that where the remainder is created by some other means, and

the testatrix is not *making*, but *is disposing of* a remainder already made, a different rule prevails, and those who answer the description at the time the remainder is disposed of, *i. e.*, the death of the testatrix, will take. But we can see no reason for the difference, and we do not agree to it.

There will be a reference to the clerk of this Court to take an account, if desired. The cause will stand for further directions.

PER CURIAM. Decree accordingly.