## WISE v. LEONHARDT.

(Filed May 23, 1901.)

1. WILLS—*Beneficiaries—Construction.*

> A devise of real property to the grandchildren of testator, to be divided at death of father of children, entitles only such as were living at death of testator.

2. WILLS—*Construction—Beneficiaries.*

> Where a testator devises real property to children of his son, to be divided after death of such son, only those children who were born at the time of the testator's death were entitled to take under the will, the title to the devisees passing immediately on death of testator.

ACTION by Sally Wise and others against D. P. Leonhardt and others, heard by Judge *E. W. Timberlake,* at December (Special) Term, 1900, of Superior Court of LINCOLN County.   From a judgment for the defendants, the plaintiffs appealed.

*A. L. Quickel,* and *L. C. Holland,* for the plaintiffs.
*D. W. Robinson,* and *C. E. Childs,* for the defendants.

MONTGOMERY, J.   The construction of a clause in the will of Joseph Leonhardt is the matter before the Court.   The

128——19

item is as follows: "I give and devise to my son Lawrence's children the half of the tract of land where he now lives, to be divided equally among them after the death of my son Lawrence, to have and to hold to them and their heirs in fee-simple forever."

At the death of the testator, his son Lawrence had three children, and afterwards—more than ten months after the death of the testator and in the lifetime of Lawrence—eight other children were born to him. The defendant's contention is that, as a time in the future, the death of Lawrence is fixed for the partition of the estate among the devisees, all of the children of Lawrence and the heirs of such as had died, and who were living at the death of Lawrence, were entitled to a share in the estate.

The general rule is conceded to be that where there is a devise or bequest to individuals, or to a class, those who answer the description at the testator's death will take, if there be nothing in the will to indicate a different intention on the part of the testator. But it is insisted also by the defendants that the postponing of the partition of the land until the death of Lawrence, the father of the devisees, makes applicable another rule, not inconsistent with the general one, viz: That as the Courts desire to extend the benefits of a will to as many individuals falling within a class, in cases of devises and legacies, as possible, where a future period beyond the death of the testator is fixed for the division of the property, the Courts will adopt such future period for ascertaining the beneficiaries, and will include all who fall within the designated class at the latest possible period for determining who compose the class. The principle does not apply to real estate unless there be an intermediate estate, for life or years, intervening between the death of the testator and the time in the future when the devisees in remainder come into the possession of their vested remainders. It applies in cases of

bequests of personal property where the possession of the same is to be held by trustees or executors to be delivered to the legatees at a future period.    2 Jarman on Wills, 704; *Irvin v. Clark,* 98 N. C., 437; *Carroll v. Hancock,* 48 N. C., 471; *Sanderlin v. Deford,* 47 N. C., 74; *Meares v. Meares,* 26 N. C., 192; *Fleetwood v. Fleetwood,* 17 N. C., 222; *Vanhook v. Vanhook,* 21 N. C., 589.

But in the present case the title to and right of possession in and to the land devised passed to the devisees, as a class, immediately and directly upon the death of the testator. Lawrence, the son of the testator, took no interest under the will.    At the death of the testator the title devolved upon Lawrence's children, and their right of possession was immediate.    The title to the land could not be in the clouds; it did not vest in Lawrence because he took nothing under the will; it had, by force of law, to vest in his children as a class, the devisees named in the will.    The call for those who took as a class under the will was made at the death of the testator, and the children of Lawrence who were living at the death of the testator alone could answer the description. The owners of the land had to be ascertained at the time of the death of the testator, which would not have been a requisite if there had been an intermediate particular estate, because, in the last instance, there would have been no necessity for ascertaining the owners of the land until the time mentioned in the will for its partition.    *Hawkins v. Everitt,* 58 N. C., 42; *Carroll v. Hancock, supra; Knight v. Knight,* 56 N. C., 167.

The children of Lawrence who were living at the death of the testator, therefore, alone were entitled to the land devised.

It seems that the plaintiffs claim that there were four children of Lawrence living at the time of the death of the testator—Mrs. Wise, Jacob, Cameron and Julius.    On the trial the only witnesses who were examined as to the matter of the

time of the birth of Julius, testified that they did not know whether he was born before or after the death of the testator. And further, the plaintiffs claimed in their complaint that Jacob, who had gone to Texas to live, had not been heard from in fifteen years, and they alleged that on that account there was a presumption of law that he was dead. Under the view his Honor took of the case, it was not necessary in the trial below to have the date of Julius' death fixed. But error having been adjudged by this Court in the judgment of the Court below, it will become necessary to have the date of the death of Julius determined in the next trial. If he was born after the death of the testator, he takes nothing under the will of Joseph Leonhardt, but if he was born before the testator died, and died himself after the death of the testator, his share in the estate descended to all the children of Lawrence and the representatives of such as were dead as his heirs-at-law. There must have been no contention on the trial that Jacob was dead, for his Honor in the judgment gave him a share of the estate.

Error.