FULTON ET ALS. v. WADDELL.

(Filed 5 May, 1926.)

**Wills—Intent—Estates—Remainders—Contingent Remainders—Children Living at Death of First Taker—Heirs.**

A devise of lands to the testator's two daughters for life, and after their death the property to be sold and the proceeds divided equally between all of the testator's children then living or their heirs: *Held,* the children of the testator and not his grandchildren were the primary objects of his bounty, and at the death of the life tenants, the other of testator's children then living take directly under the devise, and the children of those who are dead acquire no interest or estate in the subject of the devise.

CONTROVERSY without action, before *Finley, J.,* at September Term, 1925, of FORSYTH.

John D. Waddell, Sr., died in the year 1887, leaving a last will and testament, the pertinent part of which is as follows: "I loan unto my two daughters, Ann E. Matthews (widow), and Martha, my daughter, a certain tract or parcel of land . . . to have and to hold during their natural life. After their death the above property to be sold and the money arising there to be equally divided between all my children then living, or their heirs."

At the time of the death of the testator he left him surviving five children, to wit: Ann E. Matthews, Martha Waddell, James H. Waddell, Lucy Fulton, and John D. Waddell, Jr. Ann E. Matthews, one of the life tenants, died without issue in the year 1923. Martha Waddell, the other life tenant, died without children in 1921. James H. Waddell died in 1913, leaving three children. Lucy Waddell Fulton died in 1888, leaving her surviving seven children. At the time of the death of the life tenants, there were three grandchildren of Lucy Waddell Fulton living, being the children of her daughter, Minnie Fulton, who intermarried with J. W. Angel. The plaintiffs consist of the children of James H. Waddell, Lucy Waddell Fulton, and the grandchildren of Lucy Waddell Fulton, and the defendant is the sole surviving child of testator, John D. Waddell, Sr.

In 1888, Lucy Waddell Fulton conveyed her interest in the property to John D. Waddell. In the same year Jas. H. Waddell and wife conveyed their interest in the property to John D. Waddell, Martha R. Waddell and Ann E. Matthews. In 1915, Martha R. Waddell and Ann E. Matthews conveyed their interest in the property to John D. Waddell.

John D. Waddell, being under the impression that he was the sole owner of the property, has erected valuable improvements thereon, and

this action is instituted in order to determine the rights of the parties in and to the property in controversy. The trial judge "ordered and. adjudged that the defendant is the owner in fee of the land in controversy, freed and discharged of any and all claims of plaintiffs or either of them in and to the same."

From the foregoing judgment plaintiffs appealed.

*McMichael & McMichael for plaintiffs.*
*J. E. Alexander and L. M. Butler for defendant.*

BROGDEN, J. The question is this: Under a devise of land for life and at the death of the life tenant, to be *"equally divided between all my children then living or their heirs,"* does the sole survivor of the children of testator take the entire property, or do the children and descendants of deceased brothers and sisters of such survivor share in the property?

The true answer to the question, gathered from decisions in point, may be stated in three propositions, to wit: (1) The remainder is contingent. *Starnes v. Hill,* 112 N. C., 1; *Whitesides v. Cooper,* 115 N. C., 570; *Bowen v. Hackney,* 136 N. C., 187; *James v. Hooker,* 172 N. C., 780; *Mercer v. Downs, ante,* 203.

(2) The remainder is limited to a class, and the class is to be ascertained at the termination of the life estate. *Bowen v. Hackney,* 136 N. C., 187; *Witty v. Witty,* 184 N. C., 375.

(3) The person or persons answering the description when the life estate terminates, take the whole property. In other words, when the contingency upon which the estate is to vest happens, the law immediately calls the roll of the class. Those who can answer, take. *Gill v. Weaver,* 21 N. C., 41; *Sanderlin v. Deford,* 47 N. C., 74; *Knight v. Knight,* 56 N. C., 167; *Hawkins v. Everett,* 58 N. C., 42; *Grissom v. Parish,* 62 N. C., 330; *Britton v. Miller,* 63 N. C., 270; *Wise v. Leonhardt,* 128 N. C., 289; *Cooley v. Lee,* 170 N. C., 18; *Witty v. Witty,* 184 N. C., 375; *Phinizy v. Foster,* 90th Ala., 262.

The prevailing rule, governing in such cases, is thus stated in *Demill v. Reid,* 71 Md., 187: "It seems to us to be clear law, as well as good sense, that in a case like this where there is an ultimate limitation upon a contingency to a *class of persons* plainly described, and there are persons answering the description *in esse* when the contingency happens, they alone can take."

Applying these principles to the facts in issue, it appears that John D. Waddell, Sr., left him surviving five children. He devised the land to Ann and Martha "during their natural life, and after their death to all my children then living." It is obvious that the designated class was

44—191

"all my children living" at the death of the life tenant, and it is admitted that the defendant, John D. Waddell, Jr., was the only living child of testator when the life estate terminated. Therefore, as he alone answered the description or roll-call, the title to the property vested in him.

The plaintiffs, however, contend that the testator by the use of the words "or their heirs" intended to devise the property to "my children then living" and the children of those who predeceased the life tenants.

We are of the opinion that such a construction of the devise cannot be maintained either by law or logic. It is apparent that the testator contemplated an equal division among his own children, and that they were the immediate objects of his bounty, because he specifically provides that the land shall be sold and the proceeds *"equally divided between all my children then living."* If the construction suggested by the plaintiffs should be allowed to prevail, then the estate must be divided per capita between the defendant and the plaintiffs for the reason that the plaintiffs would take under the will as purchasers and not by descent. Hence, the inevitable result would be that the defendant would receive one-fourteenth of the estate, and certainly not in excess of one-eleventh. Such a construction would wrench the plain meaning of the devise and violate the manifest intention of the testator. It follows that the deeds executed by the parties have no bearing upon the merits of the controversy.

Upon the record, we hold that it was the intention of the testator that the remainder should vest in all or any of his children that were living at the death of the life tenants, and in the event all of his own children were dead at that time, that their heirs should take the property under the will.

Therefore, the judgment, as written, must stand.

Affirmed.