WACHOVIA BANK AND TRUST COMPANY, ADMINISTRATOR C. T. A. OF
A. L. STEVENSON, v. JOE STEVENSON ET AL.

(Filed 12 September, 1928.)

**Wills—Construction—Estates and Interests Created.**

A devise and bequest of testator's real and personal property to his wife for life, with direction that at her death the entire estate be converted into cash and the proceeds go in remainder to his and her brothers and sisters if living, and if not, to their legal representatives: *Held*, the contingency upon which the funds in remainder vests is the death of the life tenant, the brothers and sisters of the testator and his wife living at the termination of the life estate taking per capita and the legal representatives of those who had previously died taking *per stirpes*.

BROGDEN, J., concurring.

APPEAL by Joe Stevenson and J. C. Salley, defendants, from *Stack, J.,* at November Term, 1927, of FORSYTH. Affirmed.

*W. L. Wilson, O. E. Snow, W. R. Badgett, Geo. C. Sweeten, Graves & Graves and F. L. Webster for appellants.*
*Geo. O. Hege for R. C. Wrights and Will Wrights, and C. Reade Johnson for T. W. Terry.*
*Efird & Lüpfert and Raper & Raper for J. J. Mock.*

ADAMS, J. A. L. Stevenson died on 17 February, 1925, leaving a will which thereafter was duly admitted to probate in Forsyth County. He left surviving him a widow, now deceased, but no children. The plaintiff is the administrator of his estate, with the will annexed; the defendants are legatees and devisees or distributees and heirs at law of the

testator and of his deceased wife. The suit is prosecuted as an application to a court of chancery for the purpose of determining and identifying the beneficiaries described in the fifth item of the will. *Freeman v. Cook,* 41 N. C., 373; *Alsbrook v. Reid,* 89 N. C., 151; *Bank v. Alexander,* 188 N. C., 667; *Ernul v. Ernul,* 191 N. C., 347; *Bank v. Edwards,* 193 N. C., 118.

Items 1 and 5 are as follows:

Item 1. I will and devise to my beloved wife, Emma A. Stevenson, all my real estate and personal property of every description whatsoever to have and use the same during her natural lifetime with full power to dispose of such real estate and personal property or money as may be necessary for her comfortable maintenance and support, except such disposition of my property as is hereinafter made and set out in this will.

Item 5. At the death of my wife I will and devise that my entire estate, real and personal, be converted into cash, and after the payment hereinbefore enumerated, that is $2,000 to the Board of Provincial Elders of the Moravian Church and the further sum of $2,500 to be paid to the Board of Trustees of the 4th Street Christian Church, that all the funds arising from said sale be distributed as follows: To my brothers and sisters, if living, if not living, to their legal representatives; to the brothers and sisters of my wife if living, or if not living to their legal representatives.

In construing the fifth item the trial judge held that it was the intention of the testator that all the property therein described should be converted into cash and that the proceeds, after deduction of the payments therein directed, should be distributed per capita among the living brothers and sisters both of the testator and of his deceased wife and *per stirpes* among the legal representatives of the deceased brothers and sisters of the testator and of his deceased wife. Joe Stevenson and J. C. Salley, respectively a brother and a sister of the testator, excepted and appealed. It will be seen, therefore, that the question is whether the judgment shall be affirmed or whether under the terms of item 5 the living brother and the living sister of the testator are entitled to all the property in controversy.

As the first item passes a life estate *(Carroll v. Herring,* 180 N. C., 369), it is necessary to inquire whether the limitation after the life estate set out in item five is vested or contingent—that is, whether the "brothers and sisters" or "their legal representatives" are determinable at the death of the testator or at the death of the life tenant; and the answer depends upon the question whether the words "if living" relate to the first of these events or to the second. If the words of survivorship are to be referred to the death of the testator, the remainder is

vested; if they are to be referred to the death of the life tenant the remainder is contingent. In *Cripps v. Wolcot,* 56 Eng. Reports, 613, it was said that if no special intent be found in the will the survivorship will be referred to the period of division; that if no previous interest is given, the period of division is the death of the testator and the survivors at his death will take the whole legacy; but if a previous life estate is given the period of division is the death of the life tenant and the survivors at such death will take the whole legacy—the enunciation of a principle which has often been applied in our own decisions. *Jourdan v. Green,* 16 N. C., 271; *Knight v. Knight,* 56 N. C., 167; *Vass v. Freeman, ibid.,* 221; *Britton v. Miller,* 63 N. C., 268; *Robinson v. McDiarmid,* 87 N. C., 455; *Wise v. Leonhardt,* 128 N. C., 289; *Jenkins v. Lambeth,* 172 N. C., 466.

The clause construed in *Witty v. Witty,* 184 N. C., 375, contained a devise of land to the testator's wife for life, with a provision that in the event of the wife's death or of her second marriage the devised land should be sold by public auction to the highest bidder and the proceeds divided among the testator's heirs. It was held that the will imported a division among those who were the heirs of the testator at his death, though they were not to enjoy the actual possession during the lifetime of the mother. The opinion, however, points out the distinction between the clause therein construed and devises in which the testator vests the ulterior disposition after a particular estate in persons surviving or living at the death of the first taker, or in which he indicates a purpose to postpone the limitation until the expiration of the particular estate.

In *Gill v. Weaver,* 21 N. C., 41, the facts were that the testator had given his property to his wife for her sole use until his youngest living child should be of age, provided his wife lived. If she died before the youngest child was of age the property was to be divided among all his living children, with one exception, and if she lived until the event occurred she was to have an equal share of the estate. It was held that the testator had put the wife and the children on the same footing and that the share of a daughter who had died pending the event did not survive to her personal representative. In a later case *(Sanderlin v. Deford,* 47 N. C., 75) the principle was applied to contingent remaindermen who represented a class. It was intimated, if not decided, that where the gift is to children who shall survive a given event the death of any child pending the contingency has the effect of striking the name of the deceased child out of the class of presumptive objects, so that such an interest could not devolve upon the deceased child's representatives. *Gill v. Weaver, supra,* is cited as authority for this position, but in that case *Ruffin, C. J.,* remarked that the testator had forgotten to provide for the death of a child leaving issue—the very event for which, it is

contended, the testator provided in the case at bar. So it has been held that a legacy to the children of A. is a gift to the children *in esse* at the death of the testator, and that a legacy to a class subject to a life estate vests in the persons composing the class at the testator's death, not absolutely, but subject to be opened so as to make room for all persons composing the class not only at the testator's death, but at the falling in of the intervening estate. *Mason v. White,* 53 N. C., 421; *Biddle v. Hoyt,* 54 N. C., 160; *Hawkins v. Everett,* 58 N. C., 42; *Chambers v. Payne,* 59 N. C., 276; *Lumber Co. v. Herrington,* 183 N. C., 85.

Considered in the light of these decisions the words "if living," in the fifth item of the will, are manifestly referable to the death of the life tenant. *Jessup v. Nixon,* 193 N. C., 640; *Knight v. Knight, supra.* The remaining question is whether the survivors of the class take the devised property or whether the interest of any deceased member of the class passes to his legal representatives. The answer is given in *Mercer v. Downs,* 191 N. C., 203. There the devise was in these words: "I give and devise to my beloved wife, Rosa M. Mercer, the tract of land on which I now reside, containing five hundred acres, more or less, for her lifetime, and at her death to go to our surviving children or their heirs." It was held that the testator had in mind the possibility that one or more of his children might die during the lifetime of his wife and provided for such contingency by giving the share of such deceased child to his or her heirs; and that if any child should die before the mother the remainder to such child would be at an end and another remainder to the heirs would be substituted therefor, the remainderman thus substituted taking directly from the devisor and therefore by purchase and not by descent. This principle controls in the disposition of the present appeal. As we construe the fifth item the testator intended that the "funds arising from the sale" should be distributed per capita among such of his own brothers and sisters and those of his wife as were living, and *per stirpes* among the legal representatives of such as were deceased, at the termination of the particular estate. The judgment is

Affirmed.

BROGDEN, J., concurring: The decisions are to the effect that where an ultimate estate in expectancy is limited to a class of persons, to take effect upon the happening of a contingency, and there are persons *in esse* answering the description when the contingency happens, the law immediately calls the roll of the class, and those who answer, alone can take. *Gill v. Weaver,* 21 N. C., 41; *Sanderlin v. Deford,* 47 N. C., 74; *Knight v. Knight,* 56 N. C., 167; *Hawkins v. Everett,* 58 N. C., 42; *Grissom v. Parish,* 62 N. C., 330; *Britton v. Miller,* 63 N. C., 270; *Wise v. Leonhardt,* 128 N. C., 289, 38 S. E., 892; *Cooley v. Lee,* 170 N. C., 18, 86 S. E., 720; *Witty v. Witty,* 184 N. C., 375, 114 S. E., 482.

But this rule requires that the class of persons, alone to take, be plainly designated and definitely described. *Demil v. Reid*, 71 Md., 187.

Here, the limitation is not so clear, nor the circumscription of the class so definite, as to exclude the legal representatives of deceased brothers and sisters, either of the testator or of his wife, from sharing in the estate, even though there may be living brothers and sisters of the testator and of his wife capable of taking in their own right at the termination of the particular estate. In this respect the decision in *Fulton v. Waddell*, 191 N. C., 688, 132 S. E., 669, may be apocryphal or of doubtful authority, and to the extent that it does not accord with the decision in the instant case, it should be regarded as disapproved.