CECELIA CAPEHART BELL v. MOSES B. GILLAM, EXECUTOR, ET AL.

(Filed 4 March, 1931.)

1. **Wills E b—Devise held to create life estate subject to use of another on condition that it be converted into fee upon termination of use.**

A devise of lands "(a) to the children of my son I give, subject to the reservation hereinafter named, the following lands . . . (b) the said children to hold these lands during' their life, subject to a reservation hereinafter named, and on their death shall go to their children, etc. . . . (c) the said children shall hold these lands as shall their children, subject to the right of my son to the use of the lands cultivatable for his personal use so long as he shall live, . . . but in the event the title to the use shall in any way pass out of his hands, immediately the fee shall vest in his children": *Held*, to create a life estate to the children of the son, subject to his right to use all the land capable of cultivation so long as he shall live, on condition that the children's life estate shall be converted into a fee simple upon the title to the use passing out of the hands of the son.

2. **Wills E a—General rules for construction of wills.**

In construing wills the courts will endeavor to ascertain the intent of the testator as expressed in the words used, and in cases of doubt resort may be had to the usual canons of interpretation, and a devise will be construed to be in fee unless it' appears from the will that the testator intended to convey an estate of less dignity, C. S., 4162.

3. **Judgments M b—Judgment is conclusive upon all persons whose interests, contingent or vested, are represented.**

Where lands have been devised upon certain limitations, some of which are affected with contingent interest, and the judgment of the court recites all parties and interest were before it, it will be conclusive of any interest embraced by the judgment.

4. **Wills E d—In this case held: estate in remainder vested in fee in the granddaughter of the testator.**

Where a will devises a remainder to a class the remainder vests in right, but not in amount or quantity, in such of the class as are *in esse* before the termination of the particular estate, and where the particular estate is determined by the happening of an event other than the death of the tenant of the particular estate, the fee immediately vests in those of the class *in esse* at the time of the termination of the particular estate, and in this case the granddaughter of the testator takes the remainder in fee without awaiting the death of her father, the tenant of the particular estate.

APPEAL by defendants from *Sinclair, J.,* at November Term, 1930. of BERTIE. Affirmed.

Celia H. Etheridge, the plaintiff's grandmother, died leaving a will, the second and sixth items of which are as follows:

"2. To the children of my son Holley M. Bell, I give, subject to the reservation hereinafter named, the following part of the Eden House Farm, all that land which is now being cultivated under his direction and which lies to the left-hand side of the farm road as you go to the house, from this land is excepted 12 acres lying in front of the house which is now cultivated under the direction of Jno. C. Bell. The children of said Holley M. Bell are to have a one-half interest in and to the woodlands, which are to be divided between them and the children of Jno. C. Bell by three disinterested persons some of whom I may hereinafter name.

"The children of said Holley M. Bell are to hold these lands during their life, subject to a reservation hereinafter named, and on their death same shall go to their children, and from them to their lawful heirs forever and ever and ever.

"The said children of Holley M. Bell shall hold these lands, as shall their children and heirs, subject to the right of Holley M. Bell to use all of the lands cultivatable for his personable use, so long as he shall live and he shall in no sense be liable to them for any rents in any sense, but in event the title to the use shall in any way pass out of the hands of Holley M. Bell, immediately the fee shall vest in his children. Said Holley M. Bell shall have the right to have cut the timber on said lands and may sell the same, holding the funds for his said children, but having the full use of same, and if necessary he is to be permitted to use the principal of same, without a full accounting for same."

"6. In event either Holley M. Bell or Jno. C. Bell should die without children, then in that event the children of the other shall take title to the lands on the same terms hereinbefore set forth."

Holley M. Bell and Jno. C. Bell are brothers, the latter being guardian *ad litem* of his children and the former guardian *ad litem* of all persons not *in esse* who might have any interest or claim to the lands described in the complaint. At the hearing all parties in interest were present in person or by attorney, having duly filed their answers to the complaint, and it was adjudged that the plaintiff, Cecelia Capehart Bell, is the absolute owner in fee simple and entitled to the exclusive possession of all and singular the land devised to her by the will of her grandmother, Celia H. Etheridge, and therein described as 'the following part of the Eden House Farm: All that land which is now being cultivated under his (Holley M. Bell's) direction and which lies to the left-hand side of the farm road as you go to the house; from this land is excepted 12 acres lying in front of the house which is now cultivated under the direction of John C. Bell," the lands herein referred to and hereby

adjudged and decreed to belong to the plaintiff, Cecelia Capehart Bell, being the same described and referred to in the second section of the complaint in this action, including the woodsland therein mentioned, and being also the same land described in the judgment rendered in favor of the plaintiff at November Term, 1929, by his Honor, Walter D. Small, judge presiding, in the suit of said Cecelia Bell, by her next friend, W. B. Gurley, against Peoples Bank and Trust Company and Bank of Colerain, which is also referred to for description. The plaintiff is again declared and decreed to be the absolute owner in fee simple of all and singular the said lands so described and devised to her as aforesaid, and the will of her grandmother, Celia H. Etheridge, is construed accordingly."

The defendants excepted and appealed.

*J. A. Pritchett for appellants.*
*MacLean & Rodman for appellee.*

ADAMS, J. The plaintiff is the only child of Holley M. Bell. She brought suit asking that she be judicially declared the sole owner in fee of certain real estate devised by her grandmother, Celia H. Etheridge, to the children of Holley M. Bell. The material parts of the devise are as follows: (a) "To the children of my son Holley M. Bell, I give, subject to the reservation hereinafter named, the following part of the Eden House Farm" . . . (b) "The children of said Holley M. Bell are to hold these lands during their life, subject to a reservation hereinafter named, and on their death shall go to their children and from them to their lawful heirs forever and ever and ever." . . . (c) "The said children of Holley M. Bell shall hold these lands as shall their children and heirs, subject to the right of Holley M. Bell, to use all of the lands cultivatable for his personal use so long as he shall live . . . but in the event the title to the use shall in any way pass out of the hands of Holley M. Bell, immediately the fee shall vest in his children."

In contemplation of law what is the effect of this language? In construing wills the courts endeavor to ascertain the intention of the testator as expressed by the words he has used. If a devise is set forth in clear and unambiguous language there is no occasion for construction; but if doubt exists resort may be had to the usual canons of interpretation, by which the meaning of words, phrases, clauses, and even of apparent repugnancies may be explained by reference to other parts of the will. *Williams v. Best,* 195 N. C., 324; *Scales v. Barringer,* 192 N. C., 94.

A devise of land is held and construed to be in fee unless it appears from the will that the testator intended to convey an estate of less dignity. C. S., 4162. The first of the foregoing clauses (a), standing

alone, is a devise in fee, subject to the reservation; the second (b), a devise to the children of Holley M. Bell for life, with remainder to their children, subject to the reservation; and the third (c), a contingent devise of the fee to the children.

The quoted provisions taken together are at least susceptible of the interpretation that the devise in question gives a life estate to the children of Holley M. Bell, subject to his right to use all the land capable of cultivation so long as he shall live, on condition that the children's life estate shall be converted into a vested fee simple the moment the title to the use shall pass out of the hands of Holley M. Bell.

Has the title to the use passed from his hands? The answer may be found in a judgment of the Superior Court of Bertie County rendered at the November Term of 1929, in which it was adjudged that the plaintiff is the owner in fee of the land in controversy, discharged of Holley M. Bell's right to use it as provided in the will. The judgment contains a recital that all parties in interest were before the court, and presumably all interests were protected whether vested or contingent. The entire record of the case in which this judgment was rendered is not before us; but the reasonable conclusion is that by virtue of the condition heretofore named the "title to the use" passed from Holley M. Bell and the title in fee to the land immediately vested in his children.

The devise is to a class—"the children of my son Holley M. Bell." The plaintiff, his only child, represented the class. A remainder to a class of children vests in right, but not in amount or quantity, in such of the objects of the bounty as are *in esse* and answer the description at any time before the determination of the particular estate. *Lumber Co. v. Herrington,* 183 N. C., 85. But when the particular estate comes to an end all of the class who have an interest are immediately determined. *Trust Co. v. Stevenson,* 196 N. C., 29; *Jarman v. Day,* 179 N. C., 318; *Cooley v. Lee,* 170 N. C., 18.

It will be seen that the interest of the plaintiff is declared by the judgment under the express terms of the will, without the necessity of awaiting the death of Holley M. Bell, because his right to the use of the land was extinguished and the fee vested immediately upon the happening of the contingency. The case of *Fulton v. Waddell,* 191 N. C., 688, on which the defendants rely, is not controlling, as pointed out in the concurring opinion of *Brogden, J.,* in *Trust Company v. Stevenson, supra.* Judgment

Affirmed.