LAURIE MOSELEY, JR., v. W. A. KNOTT AND J. S. SHACKELFORD.

(Filed 15 December, 1937.)

**1. Wills § 34—**

A devise to the "heirs" of a person will be construed to be to his "children" in the absence of a contrary intention expressed in the instrument. C. S., 1739.

**2. Wills § 33c—Remaindermen are to be determined as of date of the termination of the life estate.**

The devise in this case was to testator's daughter-in-law for life, remainder over to the children of testator's son, the life tenant's husband. The daughter-in-law died leaving one child of the marriage her surviving, and her husband subsequently remarried. *Held:* The takers of the remainder are to be determined as of the date of the death of the life tenant and the termination of the life estate, and only those *in esse* as of that time are entitled to take, and the child of the life tenant takes a fee simple in the property upon her death to the exclusion of any children her husband may have by his second wife.

APPEAL by defendants from *Cranmer, J.,* at November Term, 1937, of LENOIR. Affirmed.

This was a controversy without action submitted upon agreed statement of facts to determine the title to certain described land, the subject of contract of sale by plaintiff to defendants.

From judgment that plaintiff was owner of the land in fee and that his deed therefor to defendants would convey a good title, defendants appealed.

*Wallace & White for plaintiff.*
*R. A. Whitaker for defendants.*

DEVIN, J. The determination of the question presented by this appeal involves the construction of the ninth item of the will of E. T. Moseley, from whom it is admitted the title descended. This item is expressed in the following language:

"I give and devise to my beloved daughter-in-law, Kate Vanstory Moseley, wife of my beloved son, Laury Moseley, for and during the term of her natural life, a certain tract or parcel of land (describing it), to have and to hold to her, the said Kate Vanstory Moseley, for and during the term of her natural life, and at her death to go to the heirs of my beloved son, Laury Moseley, share and share alike. It being my desire and wish, however, that my beloved son, Laury Moseley, shall have charge of this farm, or tracts of land, and the management thereof, during the life estate created herein."

MOSELEY *v.* KNOTT.

It was admitted that one child only was born to Kate Vanstory Moseley and Laury Moseley, the plaintiff, Laurie Moseley, Jr., and that he was living at the time of the execution of the will of E. T. Moseley, his grandfather, in 1925. In 1927 Kate Vanstory Moseley died, leaving surviving her husband, Laury Moseley, Sr., and the plaintiff, Laurie Moseley, Jr., the only child of Laury Moseley, Sr., and herself. Since the death of Kate Vanstory Moseley, Laury Moseley, Sr., has married again, but no other child has been born to him.

Section 1739 of the Consolidated Statutes contains the following rule of construction: "A limitation by deed, will, or other writing, to the heirs of a living person, shall be construed to be the children of such person unless a contrary intention appear by the deed or will."

Interpreting the ninth item of the will in accord with the rule set forth in this statute, the devise, to take effect at the termination of the life estate of Kate Vanstory Moseley, "to the heirs" of Laury Moseley (who was then and still is living), must be construed to mean his children. This brings us to the consideration of the question whether those who take under the will in remainder as child or children of Laury Moseley, Sr., are to be determined at the death of Kate Vanstory Moseley, or whether this class would be enlarged to include any children who might hereafter be born to Laury Moseley, Sr., by a subsequent marriage.

The uniform holding of the court upon these and similar facts is that when the life estate terminates, the person or persons who answer the description take the property. So that at the death of Kate Vanstory Moseley, immediately the law called the roll of the class, that is the children of Laury Moseley, Sr., and the only one who could answer was the plaintiff, and he alone was entitled to take. *Bell v. Gillam,* 200 N. C., 411, 157 S. E., 60; *Trust Co. v. Stevenson,* 196 N. C., 29, 144 S. E., 370; *Fulton v. Waddell,* 191 N. C., 688, 132 S. E., 669; *Baugham v. Trust Co.,* 181 N. C., 406, 107 S. E., 431; *Cooley v. Lee,* 170 N. C., 18, 86 S. E., 720; *Cullens v. Cullens,* 161 N. C., 344, 77 S. E., 228; *Wise v. Leonhardt,* 128 N. C., 289, 38 S. E., 892; *Knight v. Knight,* 56 N. C., 167.

In *Knight v. Knight, supra,* the land was devised to one Barlow for life, remainder to the children of Louisa Knight. Children were born to Louisa Knight both before and after the death of the life tenant. It was held that only the children who were *in esse* at the time the life estate terminated could take. "The call for the owners of the ultimate estate is not made until the first estate falls in, and all who answer the description at that time are entitled. The children of Mrs. Knight born after the death of Barlow are excluded."

In *Cullens v. Cullens,* 161 N. C., 344, 77 S. E., 228, it was said: "We think it well settled that when land is conveyed to a woman and her children they take as tenants in common, and only those born at the date of the deed take."

In *Cooley v. Lee,* 170 N. C., 18, 86 S. E., 720, where there was a devise to the heirs of a living person, subject to a life estate in another, it was said, "The devise, being to a class, under various decisions in our State, will include all who are members of the class and fill the description at the time the particular estate terminates." ·

The holding in *Fulton v. Waddell,* 191 N. C., 688, 132 S. E., 669, is · to the effect that when the remainder is limited to a class the class is to be ascertained at the termination of the life estate, citing *Bowen v. Hackney,* 136 N. C., 187, and *Witty v. Witty,* 184 N. C., 375. And in *Trust Co. v. Stevenson,* 196 N. C., 29, 144 S. E., 370, *Brogden, J.,* in a · concurring opinion succinctly states the rule that when an ultimate estate in expectancy is limited to a class of persons, and there are persons *in esse* answering the description when the contingency happens, the law immediately calls the roll of the class and those who answer alone can take. In *Bell v. Gillam,* 200 N. C., 411, 157 S. E., 60, it was said: "When the particular estate comes to an end all of the class who have an interest are immediately determined."

For these reasons we conclude that the judge below correctly ruled that Laurie Moseley, Jr., had an indefeasible title to the land, and upon tender of proper deed therefor he was entitled to recover of defendants the agreed purchase price.

Judgment is affirmed.