MaNly, J.
 

 If, the bequest of Exum Simpson, for the benefit of the children of his son Richard, had been directly to them as a class, without the creation of any intermediate particular estate, the property, in seeking an ownership upon the death of the testator, w'ould have vested absolutely in such of the children of Richard as might then be in being. Rut, in as much as it is a settled rule of construction, based upon justice, and the presumed intention of every testator, to include as man3 as can be, consistently with rules of law, within the class, it will follow that if there be an intermediate estate after which the remainder is limited to the class, all who shall come into being before the termination of the intermediate estate, will be counted as objects of the testator’s bounty.
 

 And, so in conformity again -with this governing rule of construction, if there'be not only an intermediate estate, but the remainder be put in trust for the class, and made divisible as the individuals shall respectively arrive at twenty-one years of age, all of the class will take who shall have been born before the period for division arrives;
 
 Knight
 
 v. Knight, 3 Jones’ Eq. Rep. 167;
 
 Clark
 
 v.
 
 Clark,
 
 11 Con. Eng. Chan. 318; S. C. 8 Simons 59.
 

 We are of opinion, therefore, that all the children of Richard Simpson, mentioned in the bill, are entitled to share alike in the principal fund held by the complainant for them. — > With respect to the possible rights of after-born children (should there be any,) to be let into the enjoyment of the fund, through the continuing trust in the complainant, we express no opinion. It may never become, in the case before us, of any practical importance.
 

 The surplus of income, we are of opinion, should be divided amongst the children as it would have gone, if it had been applied, from year to year, as directed. This disposition of it, is governed by the apparent intention of the testator as gathered from the words of the will. The testator directs the
 
 *211
 

 'annual
 
 application of tbe income to the use of tbe children; and the principal fund, (simpliciter) to be divided when the period for division arrived.
 

 Let the income or proceeds, remaining on hand, go to those who would have received it, had it been annually applied.-— Anddet one fifth part of the principal be allotted to the daughter, who is now of age. The costs should be paid out of the fund.
 

 Pee CueiaM, Decree accordingly,