WILLIAM B. WRIGHT and wife v. DUNCAN McCORMICK.

In a petition for partition, if the plea of "sole seizure" is not put in before the order of partition is made, it will be considered as waived, and the parties to the proceeding will be taken to be tenants in common.

In a proceeding for partition in which the petition sets forth a particular description of the land, and upon an order for partition the commissioners appointed to make it return a report of their proceedings in the division of the land, and the defendant objects to the confirmation of it, upon the allegation that they have not divided the land described in the petition, he cannot complain of an order of the Judge referring it to the clerk to take and state the evidence with regard to the identity of the land.

This was a PETITION for the partition of land, heard before his Honor, *Buxton, J.*, at the Spring Term, 1873, of the Superior Court of CUMBERLAND county, and upon the hearing his Honor made an order from which the defendant appealed. Enough of the case is stated in the opinion of the Court for understanding the points decided.

*B. & T. C. Fuller* and *Guthrie*, for the defendant.
*J. C. McRae*, for the plaintiff.

PEARSON, C. J.   We see no error of which the defendant has a right to complain.   The petition states a particular description by "*metes and bounds*," so as clearly to identify the land.   The order to the commissioners is to divide the land mentioned in the pleadings, and to accompany their report with a survey and plot, this extra particularity being, as it would seem, suggested by the difficulty which had been started in regard to the date of the grant, but which had been removed.   The plea of "sole sezure" must be put in, before the order for partition is made, otherwise it is waived, and the parties are for the purposes of the proceeding taken to be seized as tenants in common.

In the face of the report of the commissioners his Honor, as it seems to us, gave more importance to the suggestion of the defendant, that the commissioners had divided the wrong tract of land, than it was entitled to; after the particularity of description observed in the petition, and in the order of partition, and in the report, his Honor, might well have treated the objection in regard to the identity of the land as captious and frivolous.   Certainly the defendant has no right to complain of the order that it be referred to the clerk to take and state the evidence upon the point whether the commissioners have divided the land according to the order of partition.

There is no error.

PER CURIAM.                    Judgment affirmed.