D. K. McGILL et al. v. JOHN BUIE.

*Petition for Partition—Necessary Allegations—Demurrer—Possession of Tenant in Common.*

1. Where a petition for partition of land alleged that the petitioners and the defendant are tenants in common, and that the defendant is in possession, claiming title to one share, a demurrer upon the ground that the petition "does not allege that the petitioners are in possession of the land, and only alleges that they are entitled to have possession," will be overruled.

2. Where there is no actual ouster, the possession of one tenant in common is the possession of all tenants in common, and this continues to be so until, from the lapse of time, the sole possession becomes evidence of title to the sole enjoyment.

3. A petition for a sale for partition need only allege that the petitioners and defendant are tenants in common and in possession of the land, and the necessity of a sale for partition. The Court will treat allegations in regard to the relationship of the parties intended to show from and through whom title to the land was derived, &c., as useless and unnecessary.

This was a petition for the sale of land for partition, heard on appeal from the Clerk of CUMBERLAND Superior Court, before *Philips, J.*, at Chambers, on the 2d day of February, 1888.

The petitition was as follows:

"The petition of D. K. McGill, Margaret McGill, Rebecca McGill, Neill McGill, Mary McGill, Annie Ellis, William Campbell, Daniel McGill—

"1. Respectfully represents that they and Catherine McDonald (under whom the defendant John Buie claims an interest in the lands hereinafter described) are the next of kin and heirs at law of the late Duncan Bann Buie and his children, Neill Buie, Donald Buie, Mary Buie and Flora Buie.

"2. That the said Duncan Bann Buie and his widow, Christian Buie, are dead.

"3. That the said Neill Buie, Donald Buie, Mary Buie and Flora Buie (children of said Duncan Bann Buie) are also dead, and died intestate and without issue.

"4. That your petitioners and said Catherine McDonald are the nearest collateral relatives of said Duncan Bann Buie, Neill Buie, Donald Buie, Mary Buie and Flora Buie, who, as citizens of the United States and of the State of North Carolina, were capable of inheriting real estate belonging to said Duncan Bann Buie, Neill Buie, Donald Buie, Mary Buie and Flora Buie, at the time of their several deaths, being, in degree, third cousins to said Duncan Bann Buie, and first cousins to said Duncan Bann Buie's children (Neill Buie, Donald Buie, Mary Buie and Flora Buie). The said Duncan Bann Buie and his widow, Christian Buie, were second cousins to each other at the time of their marriage.

"5. That your petitioners and said Christian McDonald are tenants in common of all the lands of which said Duncan Bann Buie and said Neill Buie, Donald Buie, Mary Buie and Flora Buie died seized and possessed in equal shares of one-ninth of the whole to each.

"6. That said Duncan Bann Buie, Neill Buie, Donald Buie, Mary Buie and Flora Buie died seized in fee-simple and possessed of the following described tracts or parcels of land, situated, lying and being in 71st township, in Cumberland County, adjoining Hugh McCall, P. D. P. Munroe and others, on Stewart's Creek, viz., 50 acres Hugh Leslie land; 50 acres Neill Buie land; 100 acres Neill Buie land; 25 acres Duncan Buie land; 100 acres McIntyre land; and other lands described in the deed of Catherine McDonald to the defendant, hereinafter referred to.

"7. That your petitioners and said Catherine McDonald, or her assignee, are, as tenants in common aforesaid, entitled to the possession of said land; and to partition thereof.

" 8. That since the death of said Duncan Bann Buie and Neill Buie, Donald Buie, Mary Buie and Flora Buie, viz., August 14th, 1875, said Catherine McDonald, by deed of said date, registered in Book E, No. 4, page 621, in the office of Register of Deeds for Cumberland County, has assigned and conveyed to the defendant, John Buie, all her right, title, interest and share in the aforesaid lands.

" 9. That said John Buie, the defendant, is in possession of said lands, claiming title to Catherine McDonald's share therein under the aforesaid deed, as your petitioners are informed and believe.

" 10. That owing to the number of persons interested, size and location of said tracts of land, actual partition thereof cannot be made without injury to some or all of the parties interested.

" 11. That your petitioners desire partition of said lands, and to the end that division thereof may be had according to their respective interests, above set forth, pray that said lands may be sold by a commissioner appointed by the Court, upon such terms as the Court may direct, and for such other and further relief as your petitioners may be entitled to or may be necessary."

The defendant demurred to the petition, and assigned the following causes:

" 1. That it does not allege or show the petitioners are in possession of the land sought to be partitioned, and only alleges that they are entitled to have possession.

" 2. The petition attempts to show plaintiffs' source of title, and fails to show facts sufficient to constitute such cause of action, in that—

" 1. It alleges impossibilities in law, because petitioners could not be heirs of Duncan Bann Buie whilst he had children, as alleged, nor could they be heirs of any of the children as long as any other child was living, nor could they be heirs of any child whilst the father or mother was living,

and it alleges that Duncan Bann Buie, Neill Buie, Daniel Buie, Mary Buie and Flora Buie all died seized in fee-simple and possessed of the lands referred to, whereas, without any allegation to the contrary, it is presumed that some of them lived longer than others. The petition, having attempted to show source of title, should have shown the person last seized, from whom they derived title by descent, and how they derived title, and how they were heirs.

"2. The petition, having alleged a failure of lineal descendants, should have shown who was the *first purchaser* of the land, and how the plaintiffs claimed and became heirs under said purchaser.

"3 The petition does not allege that petitioners and Catherine McDonald are sole heirs

"Having attempted to show sources of title, it should have done so clearly and plainly and concisely, so that defendant could know who were proper parties in petitioners' claim, and also know how to answer the petition,"

The Clerk sustained the demurrer, and from his judgment the plaintiffs appealed, and the following judgment was rendered by Judge Philips:

"After hearing and considering the argument of counsel, it is adjudged that the judgment of the Clerk sustaining the demurrer be reversed and the demurrer overruled.

"The Clerk will allow the defendant to answer as the law directs, and proceed with the cause according to law."

From this judgment the defendant appealed.

*Messrs. W. A. Guthrie* and *T. H. Sutton*, for plaintiffs.
*Mr. N. W. Ray*, for defendant.

DAVIS, J.—after stating the facts: 1. The counsel for defendant say "that possession of defendant is not enough, unless he admits the tenancy in common; and the allegation impliedly admits that defendant resists their claim." So

far from this being so, the demurrer admits the facts alleged in the petition, and it distinctly alleged that the petitioners and the defendant are tenants in common, and " that said John Buie, the defendant, is in possession of said lands, claiming title to Catherine McDonald's share therein under the aforesaid deed, as your petitioners are informed and believe."

It is well settled that where there is no actual ouster, the possession of one tenant in common is the possession of all the tenants in common, and this continues to be so until, from the lapse of time, the sole possession becomes evidence of title to the sole enjoyment. Here no ouster is admitted. It is in no way admitted, directly or indirectly, that the defendant claims to be *sole seized*, or that he claims any other than Catherine McDonald's share in said land. It is admitted that he is in possession. His possession is the possession of his co-tenants, and the first ground of demurrer cannot be sustained.

2. It would have been sufficient to allege, as is alleged and admitted by demurrer, that the petitioners and defendant were tenants in common and in possession of the land mentioned, and the necessity of a sale for partition, and the useless and unnecessary allegations in regard to the relationship of the parties were plainly intended only to show from and through whom title to the land was derived, and that all the parties to whom the petitioners and defendant's assignor were thus related, and through whom they claim, are dead. If they are all dead intestate, and without lineal descendants, and petitioners and the defendant's assignor are the next of kin and heirs at law of the survivor of them, it is sufficient, for the purposes of this petition, and, fairly construed, it only meant, in this respect, to allege a failure of lineal descendants. The allegations were redundant and unnecessary, and might have been omitted or stricken out. *Best* v. *Clyde,* 86 N. C., 4; *Thames* v. *Jones,* 97 N. C., 121.

It would make nonsense of the petition to suppose that it intended to allege that the petitioners and Catherine McDonald were the heirs at law or next of kin of Duncan Bann Buie at the time of his death, leaving children, or that they were the heirs at law of any one of his children, so long as another was living, and while the petition might have been more accurate and more concise, as for the matter of that, in alleging the failure of lineal descendants, *utile per inutile non vitiatur,* and the defendant can clearly see from the petition what is demanded by the petitioners, and it is sufficient to inform him of everything necessary to enable him to answer intelligently. If he denies the petitioners' title, or if he claims to be *sole seized,* or has any other defence, he can so answer, and the case can be tried upon its merits. The second ground of demurrer cannot be sustained.

No error.