PETER EPLEY et al. v. JOHN EPLEY et al.

*Will—Partition—Executors—Tenants in Common—Possession—Pleadings.*

1. A will by which land is devised to C. for life, and after her death it is to be divided among children, does not authorize a sale by the executors.

2. When a petition of tenants in common for sale of land fails to allege possession, objection made for the first time in the Supreme Court will be disregarded.

This was a SPECIAL PROCEEDING for partition of land, heard on appeal from Clerk before *Armfield, J.,* at Fall Term, 1892, of BURKE Superior Court.

This action was brought by plaintiffs as heirs at law and devisees of Peter Epley for a partition of the lands known as the Catharine Epley tract.

That Peter Epley, Willis Epley, James Epley and Fannie Morrison (wife of John Morrison), the plaintiffs above named, and John Epley, Jacob Epley and Mary Parker are tenants in common in fee of the tract of land hereinafter described, each owning an undivided one-seventh interest therein in fee.

The defendant's executors answer, and allege—

1. That the Clerk has no jurisdiction in this action, for the reason that the same involves a construction of the will of their testator, Peter Epley.

2. That the will of their said testator (see record, pages 23 to 29, inclusive) authorized and empowers them to make sale of said lands, which they are proceeding to do under said will, and the plaintiffs are therefore not entitled to partition in this proceeding.

His Honor being of opinion that the Clerk had jurisdiction, and that the will of Peter Epley did not authorize a sale of said land by said executors, gave judgment accordingly, to which judgment and rulings defendant excepted, and appealed to the Supreme Court.

8. That the petition is insufficient and fails to show any right to partition by plaintiff, in that it does not allege that any or either of them are in the possession of the land which they seek to divide.

*Mr. S. J. Ervin,* for plaintiffs.
*Mr. Isaac T. Avery,* for defendants.

SHEPHERD, C. J.: We think it very clear that the will did not authorize a sale of the land by the executors. The land devised is not to be sold to pay debts, legacies, costs or charges of administration, nor is it to be sold with personal property, nor are the proceeds of sale mixed with the personal estate. It was devised to Catharine for her life, and upon her death it was to be sold and the proceeds equally divided among the children then living. There is no express authority given the executors, and none can be implied from the provisions of the will. *Bentham* v. *Weltshire,* 4 Mass., 44; *Foster* v. *Craige,* 2 Dev. & Bat. Eq., 209; *Council* v. *Averett,* 95 N. C., 131; *Vaughan* v. *Farmer,* 90 N. C., 607. It is true that the petition does not allege that the petitioners are entitled to the immediate possession, but it alleges that they are tenants in common in fee. This, at most, is but a defective statement of a cause of action, and in the case on appeal, signed by counsel, it does not appear that the point was insisted upon

in the Court below. The motion to dismiss in this Court is therefore disallowed.

Besides, it is not like the case of *Alsbrook* v. *Reid*, 89 N. C., 151, cited by defendant, in which it affirmatively appeared that the petitioners were not entitled to the possession until after the determination of an existing estate for life.

Affirmed.