JOHN W. GODWIN v. B. F. EARLY et al.

*Petition for Partition, requisites of—Amendment—Practice.*

1. While a petition for partition of land is defective which does not set forth that the petitioners are tenants in common and in possession (the general rule being that possession of one tenant in common is the possession of all), yet the omission of such allegation does not deprive the Clerk of jurisdiction, but constitutes simply a defective statement of a cause of action.

2. A Clerk having jurisdiction of a petition for partition, the transfer thereof to term for trial of issues raised by the pleadings transferred the jurisdiction to the Judge, and his denial of a motion for leave to amend the petition upon the ground that he had no power to grant it was error.

SPECIAL PROCEEDING, heard · at Fall Term, 1893, of HERTFORD Superior Court, before *Graves, J.*

The case commenced before the Clerk on petition to sell land for partition, and was transferred to term for trial on issues raised by the pleadings. Upon call of the case, the defendants moved to dismiss the petition because it did not allege that plaintiff was in the possession of the common property, and insisted that without such allegation the Clerk had no jurisdiction; and the Court so ruled. Plaintiff excepted.

The plaintiff then moved for leave to amend the petition and allege possession, but the Court refused the motion upon the ground that it did not have the power to grant the amendment so as to cure the jurisdictional defect, and dismissed the petition. The plaintiff excepted and appealed.

*Mr. B. B. Winborne,* for appellant.
No counsel *contra.*

MacRae, J.: The special proceeding begun before the Clerk having been transferred to term for trial of issues raised by the pleadings, the Judge had jurisdiction of the same by virtue of chapter 276, Laws 1887. It seems to be now settled by repeated adjudications that the petition is defective unless it sets forth that the petitioners are tenants in common and in possession—the general rule being that possession of one tenant in common is possession of all—where there has been no actual ouster. *Alsbrook* v. *Reid*, 89 N. C., 151; *Wood* v. *Sugg*, 91 N. C., 93; *Osborne* v. *Mull*, *Ibid.*, 203; *McGill* v. *Buie*, 106 N. C., 242.

We think, however, that the failure to allege possession did not deprive the Clerk or the Judge of jurisdiction; it simply constituted a defective statement of a cause of action. *Garrett* v. *Trotter*, 65 N. C., 430.

Of the proceeding for partition the Clerk had jurisdiction, and, by virtue of the statute above, this jurisdiction was transferred to the Judge. When his Honor then denied the motion for leave to amend the petition in this respect, upon the ground of want of power to grant it, there was error.

The reasoning is the same as that upon section 908 of *The Code*, concerning amendment of process or other proceeding begun before a Justice of the Peace. To apply it to the case before us we may use the language of MERRIMON, J., in *Singer Manufacturing Co.* v. *Barrett*, 95 N. C., 36: "The Superior Court cannot create and supply its jurisdiction, but it can amend a process or pleading to make the jurisdiction appear properly when in fact it did exist but did not so appear—thus rendering effectual a large and important class of judicial proceedings that otherwise would very frequently entirely fail, to the injury of individuals and the prejudice of the public."                    Reversed.