G. C. GRAVES v. JESSE BARRETT, CHARLES BARRETT and BERTHA BARRETT.

(Decided March 27, 1900.)

*Partition Proceeding—Pleadings—Issues—Deed to "The Heirs" of a Living Man—Construction Under Section 1329 of The Code—After-Born "Heirs."*

1. A deed to "the heirs" of John A. Barrett, he being still alive, although void at common law, is good under the statute, sec. 1329 of The Code, and is construed to be a limitation to the children of John A. Barrett, and includes after-born children.

2. In a petition for partition, title is not in issue, unless defendants put it in issue by pleading *"sole seizin,"* as The Code, sec. 1892, does not require averment of title, as in ejectment.

3. When the plea of *sole seizin* is not set up, the parties for the purpose of the proceeding are to be taken as tenants in common, and the only inquiry is as to the interest owned.

4. A defective statement of a good cause of action is waived, when it is apparent from the answer that the defendants were fully apprised of the subject-matter of the suit.

PETITION for partition of a tract of land fully described in the pleadings.  The plaintiff claimed that he was entitled to one-fourth undivided interest, and the defendants to the remaining interest.  The defendants denied that the plaintiff was a co-tenant with them.

The action was tranferred from Clerk's docket, and tried before *Bryan, J.,* at January Term, 1900, of MOORE Superior Court upon these issues:

(1) Are the plaintiff and defendants tenants in common and seized in fee-simple of the land described in the petition?

(2) What is the interest of the petitioner in said land?

Upon the evidence and charge of his Honor, adverted to in the opinion, the jury responded "Yes" to the first issue, and "One-fourth" to the second. Judgment of the Court in accordance with the verdict. Exception and appeal by defendant.

*Messrs. Seawell & Burns,* for appellants.
*Messrs. Black & Adams,* for appellee.

CLARK, J. Samuel Barrett in 1867 made a deed for a tract of land to the "heirs of John A. Barrett." Said John A. Barrett is the son of the grantor, and is still living. By sec. 1329 of The Code, this deed, which would have been void at common law, *nam nemo haeres viventis,* is construed to be a limitation to the children of John A. Barrett. At the time of the execution of the conveyance he had two children, John M. and Jesse, and there are two born since, Charles and Bertha. John M. mortgaged his "one-fourth undivided interest" in said tract, the mortgage was foreclosed, and the plaintiff, who became the purchaser, filed a petition in partition before the Clerk, Jesse and Charles Barrett and their sister Bertha, with her husband, being defendants. The answer denies the allegations in the complaint of plaintiff being tenant in common with them of said land, but does not aver *sole seizin* in themselves; on the contrary, it admits (by not denying) that each of defendants own, as alleged in the second paragraph of the complaint, an undivided one-fourth interest

therein, and as the decree awards them that, the defendants have no cause to complain.   Upon the above state of facts in proof the Court instructed the jury that if they believed the evidence which was uncontroverted, to respond to the issues that plaintiff was co-tenant with defendants, and entitled to an undivided one-fourth.   The defendants, who excepted and appealed, contend that the plaintiff was not entitled to the instruction given, because the plaintiff has not shown title out of the State.   They contend that the denials in the answer converted this into an action of ejectment, and that two of the defendants having been born since the deed of Samuel A. Barrett to the heirs of John A. Barrett, they do not take thereunder, and hence the "rule of practice" does not apply that where the plaintiff and defendant claim under a common source of title the plaintiff need not prove any title anterior to that.

But in a petition for partition, title is not in issue, unless the defendants put it in issue by pleading *"sole seizin."* That was not done in this case.   The Code, sec. 1892, does not require averment of title as in ejectment, but simply an allegation of seizin and possession as tenants in common, and the seizin and possession of one are that of all.   The allegations in the complaint and the denials in the answer raised only the ordinary issues in partition, (1) whether plaintiff and defendants were co-tenants, and (2) what interest the plaintiff possessed in said land.   These issues were properly framed upon the pleadings, were submitted without exception, and upon the evidence the Court could not charge otherwise than it did.

If the defendants Charles and Bertha, by reason of their birth since the date of the deed, have no interest thereunder, they had no reason to oppose partition, and if they have an independent title, it was trifling with the Court not to plead

*sole seizin,* and put it in issue.    If the defendants had pleaded *sole seizin* the plaintiff would have been put on notice that the title to the land was in issue, and an issue should have been framed in accordance therewith.    *Alexander v. Gibbon,* 118 N. C., 796; *Hunnycutl v. Brooks,* 116 N. C., 788.    But they have treated this as a petition in partition, denied merely the cotenancy of plaintiff, submitted to issues which raise that question only, and the case having been tried upon that view they can not now contend that the rules applicable to an action of ejectment should be applied.    When the plea of *sole seizin* is not set up, the parties for the purpose of the proceeding are to be taken as tenants in common.    PEARSON, C. J., in *Wright v. McCormick,* 69 N. C., 14.

The defendants further demur *ore tenus* in this Court that the land is not sufficiently described in the complaint.    This could be done if the defect were such as rendered this a defective cause of action.    But it is in fact a defective statement of a good cause of action and therefore it was waived by the answer which shows that the defendants understood perfectly of what tract of land partition was asked.    *Godwin v. Early,* 114 N. C., 11; *Epley v. Epley,* 111 N. C., 505. They neither raised any question about that nor about the title, but contented themselves with denying that the plaintiff was a tenant in common with them therein.    Upon that issue the evidence was against them, and it is too late now to set up new and different defenses.    *Allen v. R. R. Co.,* 119 N. C., 710.    If John M. Barrett should also have been a party, that question could have been raised by demurrer, Code, sec. 239 (4), and if raised, would doubtless have been cured by making him a party.

Affirmed.