G. FRANK COOLEY ET AL. v. XURE LEE AND MILDRED COOLEY.

(Filed 3 November, 1915.)

**1. Wills—Estates for Life—Heirs of Living Persons—Children—Remainder-men—Interpretation of Statutes.**

A devise of lands to the widow of the testator for life, then to the heirs of his son J., and it appears that the son was living at the time and had living children at the death of the testator and one born thereafter, during the continuance of the life estate: *Held,* the devise, being to the heirs of a living person, conveyed such interest to the children of the person designated, and being, in terms, to a class, it will include all who are members of the class and fill the description at the time the particular estate terminated, and therefore the child born after the death of the testator, but during the lifetime of the tenant for life, takes his share with the other children of J. Revisal, sec. 1583.

**2. Deeds and Conveyances—Estates in Remainder—Estoppel—Rebutter.**

Where the devisee of an interest in remainder in lands has conveyed such interest to the life tenant, who conveys the same to another, this interest inures to the benefit of the grantee of the life tenant and passes to him by way of estoppel or rebutter.

**3. Wills—Probate—Effectiveness—Date of Death of Testator—Heirs at Law—Deeds and Conveyances—Equitable Limitations of Actions—Statutes.**

While it is provided by our statute, Revisal, sec. 3139, that a will shall not be effective to pass real or personal estate "unless it shall have been duly proved and allowed in the probate court of the proper county" and recorded in clerk's office, etc., there is no statute of limitations as to when a will may be admitted to probate, our registration act, Revisal, sec. 980, not being applicable; and the probate, when proved, allowed and recorded, as the statute requires, becomes effective and relates back to the death of the devisor, passing the title from that date, avoiding all disposition or conveyances of the property by the heirs contrary to the provisions of the will, unless the claimants are protected by the statute of limitations or some recognized equitable principle. Chapter 219, Laws of 1915, amending Revisal, sec. 3139, regarding the rights of innocent purchasers for value, etc., is inapplicable to this case.

**4. Wills—Life Estates—Remaindermen—Possession—Deeds and Conveyances—Limitation of Actions.**

Where the tenant for life conveys his interest in the lands devised to him, and the grantee also holds under a deed from one of several remaindermen and is in possession of the lands, such occupation is not wrongful or hostile to the title of the other remaindermen until the life estate has fallen in, and the statute of limitations will not begin to run against their title until then.

**5. Estates—Remaindermen—Deeds and Conveyances—Tenants in Common—Limitation of Actions.**

Where a tenant for life in land, and one of several remaindermen, has conveyed the *locus in quo* to a stranger, *semble,* this grantee and the other remaindermen are tenants in common, requiring twenty years adverse, etc., possession of such grantee after death of life tenant to ripen the title in himself.

**6. Limitation of Actions—Disability—Interpretation of Statutes.**

A person by reason of the disability mentioned in Revisal, sec. 362, does not lose his right to maintain his action within the time generally limited to the subject-matter thereof, but he may do so within three years from the removal of the disability, though it may extend the time generally limited to actions of that character.

APPEAL by defendant from *Daniels, J.,* at the October Term, 1914, of SAMPSON.

Civil action to recover land, heard on denial of plaintiffs' title. The pertinent facts set forth in the case agreed are very succinctly stated in his Honor's judgment, as follows:

"This cause coming on to be heard upon the agreed statement of facts signed by counsel for plaintiffs and defendants, and being heard, and it appearing therefrom that G. M. Cooley died in 1894, domiciled in the county of Nash, leaving a last will and testament, whereby he bequeathed and devised all his property, real and personal, to his wife, Mary J. Cooley, for the term of her natural life, and thereafter one-half thereof to James F. Cooley's heirs, and the other one-half thereof to Roger A. P. Cooley and his heirs; that the said J. F. Cooley was married at the time of the death of his father, G. M. Cooley, and that G. Frank Cooley, Wallace D. Cooley and all the plaintiffs except Mary Lillian Cooley, had been born of said marriage and were living at the time of the death of the said G. M. Cooley, the said Mary Lillian Cooley having been born of the said marriage 23 September, 1895; and it further appearing therefrom that, on 4 March, 1897, the said James F. Cooley and his wife, Carrie Cooley, Roger A. P. Cooley and his wife, Hattie Cooley, and Mary J. Cooley, widow of the said G. M. Cooley, executed and delivered to Jesse Lee, the grantor of the defendant, Xure Lee, a deed purporting to convey in fee simple to the said Jesse Lee the land in controversy, being a portion of the lands devised in said will, with full covenants of warranty and seizin, which deed was duly registered in the office of the register of deeds of Sampson County, 17 November, 1897; and that thereafter the said Jesse Lee executed and delivered deeds purporting to convey said lands in fee simple to the defendant Xure Lee, dated 16 November, 1897, and 27 October, 1898, respectively, the first registered in said office 17 November, 1897, and the other 27 October, 1908; and it further appearing therefrom that the defendant Xure Lee purchased said lands in good faith, went immediately into the possession thereof, has since held the open and exclusive possession thereof under known and visible boundaries, and has made valuable improvements upon a portion thereof; that thereafter, on 20 July, 1899, the said will of G. M. Cooley was duly proven and recorded in the office of the clerk of the Superior Court of Nash County, and thereafter, on 10 July, 1910, a duly certified copy of said will and its probate was duly recorded in the office of the clerk of the court of Sampson County; and it further appearing therefrom that W. D. Cooley, one of the children of James F. Cooley, on 1 July, 1906, conveyed all his interest in said lands under the said will to the defendant Mildred Cooley; that another of said children, Roger D. Cooley, on 10 July, 1906, conveyed all of his interest under said will

to Mary J. Cooley, the widow of said G. M. Cooley, and that G. Frank Cooley, another of said children, has died since the beginning of this action, intestate and without issue, leaving a widow surviving him; and it further appearing to the court that Mary J. Cooley, the widow of G. M. Cooley, and the life tenant of said land, died 4 September, 1908; and it further appearing that this action, in so far as it affects the defendant Xure Lee, was begun at May Term, 1914, of this court; and that thereupon the court being of the opinion that the statute of limitations did not begin to run against the plaintiffs and the said Mildred Cooley and in favor of the defendant Xure Lee until the death of the said Mary J. Cooley, the life tenant, 4 September, 1908, and that there was no adverse possession by the defendant Xure Lee of the said lands against the plaintiffs and the said Mildred Cooley until that date, adjudges that the cause of action of the plaintiffs and the said Mildred Cooley is not barred by the statute of limitations; and it is further considered and adjudged by the court that the plaintiffs are the owners, and that they recover of the defendant Xure Lee an undivided five-fourteenths interest in and to said land, and that the said Mildred Cooley is the owner, and that she recover of the defendant Xure Lee an undivided one-fourteenth interest in and to said lands. It is further considered and adjudged by the court that the defendant Xure Lee is the owner in fee simple of an undivided eight-fourteenths interest in and to said lands: It is further considered and adjudged that the plaintiffs, other than Gladys H. Cooley and Mary J. Cooley, and the defendant Mildred Cooley, recover of the defendant Xure Lee their proportionate parts of the rents of said lands for three years next preceding May Term, 1914, of this court, and that the plaintiffs Gladys Cooley and Mary Lillian Cooley recover of the defendant Xure Lee their proportionate parts of the rents of said lands from the death of Mary J. Cooley, 4 September, 1908."

From this judgment defendant excepts and appeals, assigning errors as follows:

1. For that his Honor held that the plaintiffs were entitled to any part of the lands in controversy, under the will of Dr. G. M. Cooley, deceased; whereas, he should have held that said will was ineffectual to pass any title to the plaintiffs or to the defendant Mildred Cooley as against the defendant Xure Lee.

2. For that his Honor held that the plaintiffs and the defendant Mildred Cooley's causes of action were not barred by the statute of limitations.

3. For that his Honor held that the statute of limitations did not begin to run against the plaintiffs and the defendant Mildred Cooley's cause of action until the death of Mary J. Cooley, widow of Dr. G. M. Cooley, deceased; whereas, he should have held that the statute of limi-

tations began to run as to each of the plaintiffs, and the defendant Mildred Cooley, on 4 March, 1897, the date upon which the deed from R. A. P. Cooley and others to Jesse Lee was executed.

4. For that his Honor held that Mary Lillian Cooley was entitled to a one-fourteenth undivided interest in the lands in controversy; whereas, by virtue of the fact that she was born after the death of the said G. M. Cooley, testator, his Honor should have held that she could take nothing by virtue of said will.

5. For that his Honor held that the plaintiffs, and the defendant Mildred Cooley, were entitled to any part of the rents and profits issuing from said lands.

*Stevens & Beasley for plaintiff.*
*Grady & Graham for defendant.*

HOKE, J. On the facts embodied in the judgment we concur with his Honor that plaintiffs are entitled to five-fourteenths and defendant Mildred to one-fourteenth of the property in controversy.

It is admitted that the title was in G. M. Cooley and that he died in 1894, having made his last will and testament devising the property in controversy to his widow, Mary J. Cooley, for life, and then "one-half to his son, R. A. P. Cooley and his heirs and the other half to the heirs of James F. Cooley, his other son"; that James F. Cooley was living at the time of the death of the devisor and still is, and plaintiffs are his children, six of whom were born at the time of devisor's death and one after such death and during the life of devisor's wife, life tenant under the will.

Under our statute, Revisal, sec. 1583, this devise of the one-half interest, subject to a life estate in the widow, being to the heirs of a living person, conveys such interest to the children of the person designated, and being, in terms, to a class, under various decisions in our State it will include all who are members of the class and fill the description at the time the particular estate terminates. *Graves v. Barrett,* 126 N. C., 267; *Irvin v. Clark,* 98 N. C., 437; *Hawkins v. Everett, Exr.,* 58 N. C., 42; *Simpson v. Spence,* 58 N. C., 208; *Knight v. Knight,* 56 N. C., 168.

In *Wise v. Leonhardt,* 128 N. C., 289, in which the after-born children were excluded, the decision was made to rest on the ground that, in order to an application of the principle to devises of realty, there must be an intervening estate for life or years between the death of the testator and the coming into the possession of the estate in remainder.

This, then, being the recognized principle, the seven children of J. F. Cooley, both those born before and the one born after the death of the

devisor and prior to the death of the life tenant, according to the terms of the will, became the owners of the one-half of the property, equal to seven-fourteenths, subject to the life estate in their grandmother, and they have done nothing to destroy or impair these interests save in case of W. D. Cooley, who, on 1 July, 1906, conveyed his share to defendant Mildred, which share was allowed her under his Honor's judgment, and of Roger D. Cooley who, on 10 July, 1906, conveyed all of his title and interest to his grandmother, Mary J. Cooley. She having theretofore joined in a deed for the property to defendants, conveying same with full covenants, this conveyance to her by Roger D. of his one-fourteenth interest should inure to the benefit of her grantee and pass this interest to him by way of "estoppel or rebuttal," *Buchanan v. Harrington,* 141 N. C., p. 39; *Hallyburton v. Slagle,* 132 N. C., p. 947; *Taylor v. Shufford,* 11 N. C., p. 127; the result being, as declared in the judgment, that plaintiffs who have not disposed of their interests hold five-fourteenths, Mildred holds one-fourteenth, and defendants, who bought from the widow and two sons and heirs at law of G. M. Cooley, to wit, R. A. P. and James F. Cooley, prior to the probate and registration of the will, are entitled to eight-fourteenths, that is, seven-fourteenths under the deed from R. A. P. Cooley and one-fourteenth by way of rebutter, as heretofore indicated.

It is urged against the correctness of his Honor's judgment that the deed of the widow of G. M. Cooley and his two sons and heirs at law, R. A. P. and J. F. Cooley, executed in March, 1897, at least three years after the death of G. M. Cooley, devisor and former owner, should be held to pass the title as against the devisees, and this chiefly by reason of section 3139 of Revisal, providing, among other things, that "No will shall be effective to pass real or personal estate unless it shall have been duly proved and allowed in the probate court of the proper county, recorded in the office of the clerk of the Superior Court of the county where the land lies," etc.; that the will in question here was not proven until 1899 and not recorded in Sampson County till 1910. It is true that the will is not effective to pass the property until proved and allowed and recorded as the statute requires, but there is no statute of limitations as to the time when a will may be admitted to probate, *Steadman v. Steadman,* 143 N. C., p. 345; and it is held that our ordinary registration act, Revisal, sec. 980, has no application to wills, *Harris v. Lumber Co.,* 147 N. C., p. 631; *Bell v. Couch,* 132 N. C., p. 346; and when the formalities as to proof and recording of a will have been complied with, it then becomes effective and relates back to the death of the devisor, passing the title from that date and, at the time when the rights of these plaintiffs vested, avoiding all dispositions or conveyances of the property by the heirs contrary to the provisions of the will, unless the interests of the claim-

ants are protected by the statute of limitations or some recognized equitable principle. *Steadman v. Steadman, supra; Johns v. Jackson,* 67 Conn., p. 89; *Barnard v. Bateman,* 76 Mo., 414; *Goodman v. Winter,* 64 Ala., 410; *Tonart v. Rickert,* 163 Ala., 362; *Bleidorn v. Pilot Mtn. Co.,* 89 Tenn., pp. 166-173; *Wilkinson v. Leland,* 27 U. S. (3 Peters), 629; 1 Underhill on Wills, p. 21; Gardner on Wills, p. 614.

It is well to note that the Legislature of 1915, chapter 219, have enacted a statute to appear as a proviso to section 3169 of the Revisal, as follows: *"Provided,* that the probate and registration of any last will and testament shall not affect the rights of innocent purchasers for value from the heirs at law of the testator when such purchase is made more than two years after the death of such testator, unless the said last will and testament has been fraudulently withheld from probate," a similar statute to that which has long prevailed in case of intestacy. Revisal, sec. 70. But the statute does not, and does not purport to, apply to the facts presented in this record. It is further insisted that defendants' title has matured by reason of adverse occupation of the property in the assertion of ownership under the deed of the widow and two sons of the devisor since 1897, the date of that conveyance; but this position cannot be sustained as to any of the plaintiffs by reason of the existence of the life estate conferred by the will on Mary J. Cooley, wife of devisor and one of the grantors in the deed under which defendants claim. Her deed, while it did not convey the title to the property, did convey what she had—a life estate devised to her under the will—and the occupation of defendant, therefore, did not become wrongful until the death of this life tenant, nor would the statute run except from that date.

A title by possession does not mature unless that possession has been hostile for the requisite period and subjecting the occupant to action by the true owner for that length of time. If, then, plaintiffs had sued defendant before the life tenant died, their action would have failed because of the life estate conveyed to him under his deed, and so his occupation was not wrongful or hostile to the true title till the life estate terminated, nor did the statute begin to run before that date. *Jefferson v. Lumber Co.,* 165 N. C., p. 46; *Smith v. Proctor,* 139 N. C., p. 314; *Everett v. Newton,* 118 N. C., 919.

The life tenant did not die till September, 1908, and seven years had not elapsed before the institution of this suit against defendant, and so none of plaintiffs are barred.

It would seem that as the deed of R. A. P. Cooley and Mary J. Cooley conveyed to defendant eight-fourteenths of the property, constituting him a tenant in common with plaintiffs, adverse occupation for twenty years would be required to defeat plaintiffs' claims. *Dobbins v. Dob-*

*bins,* 141 N. C., p. 210. Again, it is contended that some of the claimants are barred because more than three years had elapsed since their cause of action accrued on the death of the life tenant, and this by reason of section 362 of the Revisal, in reference to disabilities under the statute of limitations and their removal. That section provides that, when a person, at the time his cause of action accrues, is within twenty-one years of age, insane or imprisoned, etc., he shall have the general time specified in the statute within which to bring his action after the disability shall have been removed, except that, in an action to recover real property, etc., he shall commence his action within three years after the removal. It was by no means the purpose or effect of this section to bar the right of an infant or insane or imprisoned person by any period short of the general time specified and required in the case of adults. They are to have the full time allowed by the statute within which to assert their rights, but the provision by correct interpretation means that the statute of limitations continues to run in case of infancy, etc., but that, although seven years or other specified period may have elapsed, such person shall always have as much as three years after disability removed within which to sue. *Clayton v. Rose,* 87 N. C., p. 107; 25 Cyc., p. 1262.

In this last citation it is said: "The general rule is that the various statutes of limitations do not operate as a bar to an action by a minor for the recovery of realty; some of the statutes holding that his cause of action only accrues upon his attaining his majority, while in other jurisdictions it is held that the operation of the statute is not suspended during infancy, but the minor is merely given a designated period after attaining his majority to bring suit, if the period of limitation has expired"—North Carolina being in the latter class. As we have heretofore shown, not more than six years have elapsed from the death of the life tenant before this suit instituted. Their cause of action did not accrue to them till that date, and none of plaintiffs, therefore, are barred by any statute applicable to their claim.

There is no error, and the judgment of his Honor is

Affirmed.