GILES W. PEARSON, JR., ALETHA PEARSON, DOREEN PEARSON, FREDERICK J. PEARSON, AND MILDRED PEARSON, PETITIONERS, v. VIRGINIA PEARSON McKENNEY, SUSAN PEARSON BARBOUR AND HUSBAND, A. J. BARBOUR, JULIA PEARSON DAUNT AND HUSBAND, JOHN J. DAUNT, JR., ODESSA PEARSON GALDA AND HUSBAND, F. D. GALDA, RESPONDENTS

No. 6929SC374

(Filed 13 August 1969)

1. **Pleadings § 19—  office of a demurrer**
    The office of a demurrer is to determine the legal sufficiency of the pleadings.

2. **Partition § 3;  Pleadings § 19—  demurrer — procedure after answer filed**
    Demurrer to a petition for partition was improperly allowed where the demurrer and the order sustaining it were primarily based upon procedures in the partitioning proceeding after all the pleadings were filed.

3. **Partition § 3—  map attached to petition showing contemplated division by former owner**
    Map attached to a petition for partition showing a division of the land contemplated by the former owner is not a fatal defect in the petition making it subject to demurrer.

4. **Partition § 3—  requisites of petition**
    A petition for partition of land should allege that plaintiffs and defendants are tenants in common of the land, should describe the land and state the interest of each party, and should allege that plaintiffs desire to hold their interests in severalty and that they are entitled to partition for that purpose.

5. **Pleadings § 20—  demurrer after answer — defective cause of action — defective statement of cause of action**
    While demurrer to a statement of a defective cause of action will lie at any time before final judgment, a demurrer to a defective statement of a good cause of action comes too late after answer.

**6. Partition § 3;   Pleadings § 20—   demurrer after answer — defective statement of a good cause of action**

Demurrer to a petition for partition which contains a defective statement of a good cause of action comes too late after answer has been filed, several hearings have been held and orders entered, and commissioners have been appointed and their report filed and confirmed.

APPEAL by petitioners from *May, S.J.*, 1 April 1969 Session, Superior Court of POLK.

Petitioners on 23 September 1967 filed a petition for the partition of lands described in the petition. The petition alleged: Virginia Pearson McKenney, Susan Pearson Barbour, Giles W. Pearson, Jr., Julia Pearson Daunt, Odessa Pearson Galda, Mildred Pearson, Aletha Pearson, Doreen Pearson and Frederick J. Pearson are all parties to the proceeding and claim an interest as tenants in common in a tract of land situate in Polk County and described by metes and bounds, excepting, however, from the described tract four tracts, each particularly described, the first three having been conveyed by Aletha Pearson during her lifetime to three of her daughters as advancements of their share in the real estate. Tract (a) was described in accordance with the recorded deed to A. J. Barbour and Susan P. Barbour and alleged to be an advancement to Susan P. Barbour. Tract (b) was described in accordance with recorded deed to F. D. Galda and Odessa P. Galda and alleged to be an advancement to Odessa P. Galda. Tract (c) was described in accordance with recorded deed to Julia Pearson Daunt and John J. Daunt, Jr., and alleged to be an advancement to Julia P. Daunt. Tract (d) was particularly described as a lot containing 25,004 square feet and being the same lot conveyed by Charles Pearson, widower, and Giles W. Pearson and wife, Aletha Pearson, to Virginia Pearson McKenney, et al., by duly recorded deed. All of the tenants in common are of full age. The name of the spouse of each married tenant was alleged. Aletha M. Pearson died 25 May 1966 seized and possessed of the lands and the relationship to her and the respective interest in the land of each of the tenants in common is alleged. Prior to her death, Aletha M. Pearson made a conveyance to each of three of her daughters, Susan, Julia, and Odessa, as a partial division of her property and as their share of their inheritance in their mother's real estate. The said three daughters accepted the conveyances as their full share and these three have no interest as tenants in common of the lands to be divided. Petitioners desire to hold their interest in the land in severalty; an actual division can be made among the tenants in common without injury to any of the parties;

and a map is attached showing the division of the land contemplated by Aletha M. Pearson prior to her death.

' The prayer contained a request that the conveyances to Julia, Odessa, and Susan be adjudged to be advancements; that petitioners and respondent, Virginia Pearson McKenney, be adjudged to be the sole tenants in common of the property, each having a 1/6 undivided interest therein; and that the court order an actual partition.

Odessa and her husband answered disclaiming any interest in the property except for a claimed 10/81 undivided interest in tract (d) described as an exception in paragraph 1 of the petition. They admitted receiving their share as an advancement.

Susan Pearson Barbour and her husband filed a similar answer.

Julia Pearson Daunt and her husband filed answer denying any advancement to them and claiming a 1/7 undivided interest along with Virginia, Giles, Mildred, Aletha, Doreen and Frederick. They also denied that an actual partition could be made without injury and prayed that the court order the lands sold for division.

Virginia Pearson McKenney filed answer denying that any advancements had been made to any heir of Aletha M. Pearson. She alleged that she and her brothers and sisters each owned a 1/9 undivided interest. She also denied that actual partition could be had without injury and requested the court to order a sale for division.

On motion of petitioners, the matter was set peremptorily for trial on 10 February 1969 by order of McLean, J. On 10 February 1969, Judge Jackson entered an order remanding the proceeding to the Clerk of Superior Court for the entry of an order "as to whether the subject land is susceptible to a division in kind in six, seven, and nine parts with the right of any aggrieved party to appeal the order and determination by the Clerk" to the Superior Court. It was further ordered that "regardless of the order to be made by the said Clerk that this cause be immediately transferred thereafter to this Court for a determination by this Court of the issue of the alleged advancement, raised in the pleadings and that all issues raised in the pleadings may be determined in one action."

On 25 February 1969, after a hearing, the Clerk entered an order finding as facts: (1) Petitioners and respondents are *sui juris* and children of Aletha M. Pearson, deceased. (2) Aletha M. Pearson died seized and possessed of the property described in paragraph 1 of the petition. (3) The property is located in Polk County, contains approximately 17 acres, is unimproved with the exception of

Fork Creek Road which traverses it and the foundations and beginnings of a dwelling house on the property. (4) That the map attached to the petition fairly represents the shape and configuration of the property. (5) That Susan and Odessa have filed answers stating that they claim no interest in the property. (6) That Julia has no interest in the property, having received her share by way of advancement. (7) That the beginnings of a dwelling were placed on the property by Mildred prior to the commencement of the action and in good faith when she had no knowledge of any controversy. (8) That the land can be divided into six divisions. The order further adjudged the petitioners and respondent, Virginia Pearson McKenney, to be the tenants in common of the property and appointed commissioners to make a division.

The oath of commissioners was filed on 25 February 1969, and they filed their report on 7 March 1969.

On 10 March 1969 respondents, Virginia Pearson McKenney and Julia Pearson Daunt and her husband, filed a demurrer to the petition for that it failed to state a cause of action because "petitioners had not proceeded in accordance" with Chapter 46 of the General Statutes.

On 18 March 1969, the Clerk entered an order confirming the commissioner's report.

On 20 March 1969, respondents McKenney and Daunt filed notice of appeal from the Clerk's order of 25 February 1969.

On 31 March 1969, respondents McKenney and Daunt moved to have stricken the report of commissioners and order confirming the report.

On 1 April 1969, the demurrer was heard before Judge May and he entered an order sustaining the demurrer. The petitioners excepted and appealed.

*Richard B. Ford for petitioner appellants.*

*Francis M. Coiner for respondent appellees.*

MORRIS, J.

The order entered by the court from which petitioners appealed stated that the demurrer to the petition was sustained for the following reasons:

"1. The petition of the petitioners is not drawn in conform-

ance with the mandatory North Carolina Statutes, i.e., Chapters 1 and 46, in that,

(a)  The adopted proceedings are in contravention of GS 46-1, requiring· that the proceedings be initiated as a Special Proceeding by the petitioners requesting an independent division of the subject premises in conformance with a report of Commissioners and subject to review of the Clerk of Superior Court and this Court.

(b)  Commissioners to effect a division of the land were not timely appointed in conformance with GS 46-7 so as to insure a division of the said land by disinterested persons.

(c)  Partition of subject premises was not made in conformance with G.S. 46-10 in that petitioners had previously submitted a map as a portion of their pleadings and that no independent map reflecting an equitable division was made in conformance with GS 46-18, but was dependent upon the pleadings of the petitioners.

2.  The petition of the petitioners defectively states a good cause of action and is therefore subject to demurrer pursuant to GS 1-127(6) in that it fails to comply in all respects with the mandatory requirements of the statutory remedy afforded to the petitioners in that the petition does not accord to the Clerk of the Superior Court the discretionary power and authority vested in him and insofar as the same relates to the determination of the respective interests of the tenants in common and the appointment of disinterested commissioners and rendering of an adequate report reviewable by this Court."

To these reasons petitioners specifically except. The exceptions are well taken.

[1]  The office of a demurrer is to determine the legal sufficiency of the pleadings. 1 McIntosh, N.C. Practice 2d, § 1181. The demurrer filed by respondents states as a cause for demurrer: "That the petition of the petitioners does not state facts sufficient to constitute a cause of action against the respondents in that the petitioners' cause of action and specific remedy are solely and exclusively provided for and established by Chapter 46 of the North Carolina General Statutes relating to the partitioning of real property, either by sale or in kind, and establishing the procedures therefor; that such remedy and procedure are statutory in nature and the petitioners have not proceeded in accordance with the requirements of the aforementioned Chapter of the General Statutes" and further

that petitioners have failed to place the matter in a proper fashion before the Clerk for consideration.

G.S. 1-127 provides that "[t]he defendant may demur to the complaint when *it appears upon the face thereof*, either that: . . . 6. The complaint does not state facts sufficient to constitute a cause of action." (Emphasis added.)

[2, 3]    Both the demurrer and the order sustaining it clearly indicate that respondents are primarily objecting to *procedures* in the partitioning proceeding *after* all the pleadings were filed. This, of course, is not the function of a demurrer. If respondents contend that the Clerk failed to appoint impartial commissioners, their remedy is not by demurrer. They seem to contend in their brief and argument that the division by the commissioners was not predicated upon "disinterest" because the petition when filed had a map attached thereto showing a division contemplated by the owner of the land among her children and this "preconceived map" submitted as a portion of the pleadings contravenes G.S. 46-10 requiring a meeting of commissioners to effect an independent division. If respondents objected to the map attached to the petition, it would appear that a motion to strike would have been indicated. Certainly, making the map a part of the petition is not a fatal defect in the petition making it subject to demurrer.

It appears that the court also based its order sustaining the demurrer on the ground that the petition defectively states a good cause of action.

[4]    G.S. 46-1 provides that partition of real property under Chapter 46 of the General Statutes shall be by special proceeding. "The petition is in the ordinary form of a complaint in a civil action, and should allege that the plaintiffs and defendants are tenants in common of the land, which should be described, and the interest of each party should be stated; that the plaintiffs desire to hold their interests in severalty, and that they are entitled to partition for that purpose." 2 McIntosh, N.C. Practice 2d, § 2394.

The petition here meets all of the requirements. We do not find wherein it "defectively" states a good cause of action.

[5]    However, even if we should so find, respondents' demurrer would have come too late. There is a marked difference between the statement of a defective cause of action and a defective statement of a good cause of action. In the former, the defect goes to the substance of the cause and not to the form of the statement. It is not an enforceable cause of action, regardless of how expertly stated it

may be. Here demurrer will lie at any time before final judgment. *Jenkins v. Fields,* 240 N.C. 776, 83 S.E. 2d 908.

However, if there is an enforceable cause of action but it is stated in general terms, or lacking in some material allegation, it constitutes a defective statement of good cause of action. "That is, if the defect goes to the form of the statement and not to the substance of the cause, it is a defective statement of a good cause. (Citations omitted.)" *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43.

**[5, 6]** "A demurrer to a defective statement of a good cause of action comes too late after answer. The defendant, by answering to the merits, waives the defect which is not fatal but may be cured by amendment." *Davis v. Rhodes, supra; Graves v. Barrett,* 126 N.C. 267, 35 S.E. 539. Here demurrer was interposed not only after answer, but after several hearings had been had and orders entered, commissioners appointed, without objection, and their report filed and confirmed, without objection.

The same rules respecting demurrers are applicable to pleadings in partitioning proceedings as are applicable to pleadings in any other civil action. *Graves v. Barrett, supra; Coats v. Williams,* 261 N.C. 692, 136 S.E. 2d 113.

For the reasons stated herein, the demurrer should have been overruled.

Reversed.

CAMPBELL and BROCK, JJ., concur.