Curtis E. SATTERTHWAITE and Linda
Blendt Satterthwaite, his wife,
Plaintiffs,

v.

Fred JACK and Fred Jack, Executor of the
Will of Estelle Wilson, Defendant.

Court of Chancery of Delaware,
Kent.

Oct. 25, 1973.

R. Brandon Jones, of Buckson, Hudson & Jones, Dover, for plaintiffs.

Maurice A. Hartnett, III, Dover, for defendant.

MARVEL, Vice Chancellor:

The pending complaint for a declaratory judgment seeks an order directing the removal of an alleged cloud on title to land situate in Woodland Beach, Delaware, for which plaintiffs paid a substantial consideration to Paul J. Wilson, whose claim to title is derived from that of his brother, Edward L. Wilson, plaintiffs having purchased the property in issue on October 6, 1971 from such grantor for $6,000. The latter had earlier acquired ostensible title to such land from his brother, Edward L. Wilson, who conveyed such property to him for the nominal consideration of $1.00 plus an agreement on the purchaser's part to take care of, support, maintain and do whatever else may be necessary for the reasonable comfort of Edward Wilson as long as he might live.

The claim of the late Edward L. Wilson to title to the land in question was based on his status as the sole intestate heir of Estelle Wilson, his wife, who died on February 18, 1967 without issue. No will of the decedent having been offered for probate upon Mrs. Wilson's death, letters of administration were granted to her surviving husband and what had been the late Estelle Wilson's real property purportedly passed to her husband by intestate succession.

The defendant Jack, who contests plaintiffs' claim to title to the premises in issue, was, however, named a devisee of the property here in issue under the provisions of a later discovered will of the decedent,

under the terms of which Edward L. Wilson was granted only a life estate in the property in question with a remainder over in fee to Mr. Jack.

The will in question was executed by Mrs. Wilson in 1947, at which time it was left in the custody of a Dover attorney who drafted the document. At about the same time an unsigned copy of such will was delivered to defendant who was thus made aware of the decedent's intentions. Following Mrs. Wilson's death in 1967, however, her will did not come to light until the Wilmington Trust Company, as executor of the estate of the Dover attorney who had prepared the will in question found it among such deceased attorney's papers. It was then delivered to the office of the Register of Wills in December of 1969 where it remained unprobated until November 11, 1971.

Although aware of the existence of her will and its contents long before Mrs. Wilson's death, the defendant Jack evidently made no inquiries about the probate of Mrs. Wilson's will until after the death of Edward L. Wilson in September of 1971.[1] Mr. Jack then consulted an attorney, a step which led to the location of the will in the office of the Register of Wills which was finally probated on November 11, 1971.

The basic question posed by the parties' cross motions for summary judgment is whether or not the claim of a devisee under an after-discovered will is superior to that of a bona fide purchaser for value from the person who would have been the sole intestate heir of the decedent Mrs. Wilson had no will been executed by her and ultimately probated.

■ Preliminarily, it must be noted that plaintiffs are clearly bona fide purchasers for value of the property in question. In other words, I am satisfied that plaintiffs in good faith paid a valuable consideration for the land in issue, a fact which is conceded by defendant. How-

ever, because the property was held in the name of Estelle Wilson, while her estate was administered under the name of Irvin Estelle Wilson, defendant argues that the ostensible title to the property acquired by plaintiffs is not clearly established on the record and is subject to being defeated by the provisions of Mrs. Wilson's will.

The record is to the effect, however, that Irvin Estelle Wilson and Estelle Wilson were clearly one and the same person, the record supporting a finding that despite the difference in names, the Woodland Beach lots in issue were owned by the testatrix, the late Mrs. Edward L. Wilson, the record being to the effect that the husband was Edward L. Wilson. In addition, the deed by which Paul J. Wilson purportedly acquired title to the property in question recites that both names were used by the decedent Mrs. Wilson during her lifetime. Since this deed is in the chain of title and was recorded it provides notice to all parties interested in such tract, Winchester v. Parm, 16 Del. Ch. 84, 141 A. 271. I conclude that defendant's reliance on the differences in the names used by the late Mrs. Wilson to support his claim is not sustained by the record.

■ Turning now to a consideration of the question of the relative equities of a devisee as opposed to those of a bona fide purchaser claiming title to the same property, it appears that there are two basic lines of decision in other jurisdictions but no precedent in Delaware.

One line of cases holds that in circumstances such as those in issue the right of a devisee is superior, Cooley v. Lee, 170 N.C. 18, 86 S.E. 720. The other line of cases favors the bona fide purchaser, Wright v. Eakin, 151 Tenn. 681, 270 S.W. 992, and Matthews v. Fuller, 209 Md. 42, 120 A.2d 356.

In my opinion the rationale of the case of Matthews v. Fuller, supra, provides the better reasoned rule, the facts in the cited

---

1. The record indicates that Mr. Jack had been aware of the prior death of Mrs. Wilson.

case being almost identical with those in the case at bar. Such case stresses the desirability of a policy requiring the prompt probate of wills and the avoidance of unnecessary delays in probate. The statutory provisions in Delaware concerning the probate of wills disclose a similar policy in this State, 12 Del.C. §§ 1301 and 1302. In addition, the policy of this State favors the prompt recordation of deeds, 25 Del.C. §§ 151 and 153.

I conclude that in this dispute between bona fide purchasers for value, who reasonably relied on record title, and a devisee under an after-discovered will, that judgment should be granted to the bona fide purchasers.

There being no material facts in dispute, plaintiffs' motion for summary judgment declaring them to be the owners of the Woodland Beach lots here in issue will be granted and that of defendant denied.

Order on notice.